JOHN B. SANBORN and THEODORE FRENCH, Plaintiffs in Error,
*vs.* ALBERT WEBSTER, Defendant in Error.

The Defendants, by a careless act, destroyed the security (mortgage) for a note which was drawing interest at the rate of four per cent a month, and thereby rendered the note worthless. *Held,* That they were liable for the amount of the note and interest according to its tenor, up to the time of the injury, with seven per cent per annum interest on that amount, until judgment.

The Supreme Court may modify a judgment of the Court below, when the error committed goes to a part of the finding, and can be separated with certainty.

The party who succeeds in obtaining a modification of the judgment below, is the prevailing party on a Writ of Error, and is entitled to costs in all cases, against the adverse party.

The Complaint in this action charges the Plaintiffs with having negligently discharged a mortgage, by entering satisfaction thereof, of record, which mortgage was given to secure a promissory note which was drawing interest at the rate of four per cent per month. It appears that the note had been assigned by the Defendants to the Plaintiff, and that they had agreed to assign to him the mortgage securing the same, but that they negligently discharged the same of record before assigning, and that his security was thereby lost. He claimed judgment for the amount of the note, with interest, at four per cent per month, from the date thereof. Issue was joined, and the cause was tried by the Court, a jury trial having been waived. Among the conclusions of law found by the Court upon the trial, is the following:

" I find that the Plaintiff lost his security by the negligent act of the defendants, in satisfying the mortgage of record, and the subsequent sale of the premises to a *bona fide* purchaser, and that the Plaintiff is entitled to recover of the said Defendants, the amount of the note with interest at four per cent per month, from the date when the last instalment of interest had been paid on the note."

Judgment was entered accordingly, and the Defendants review by writ of Error to the District Court of Dakota County, where the cause was tried.

The following are the points and authorities relied upon by counsel for Plaintiffs in Error:

*First.* That the finding and decision of the Court below is unsupported by and against the weight of all the evidence given in the cause.

*Second.* That the finding, decision and judgment of the said Court is against the law applicable to the facts of the case, and conclusions of fact found by the Court, as appears from the record.

*Third.* That if all the matters stated in the complaint are true and the Plaintiff's theory upon which the action is founded, be correct, then to entitle the Plaintiff below to maintain his action and recover therein, it was necessary that he should have delivered up, or tendered and offered to deliver to the Defendants Phillips' note and mortgage described in the complaint before the action was commenced. And inasmuch as it appears affirmatively from the evidence, that the Plaintiff kept and retained the same in his possession, without tendering or offering back to the Defendants, he was not entitled to recover.

*Fourth.* Because no demand was made of the Defendants below for the payment of the debt before the action was commenced.

*Fifth.* Because if the note and mortgage executed by Phillips was actually sold to the Plaintiff by the Defendants, (as they claim,) then the title to the mortgage and the security and lien under it being incidental to and following the debt, passed from Sanborn & French to and became vested in the Plaintiff at the time of the delivery of the note and mortgage by Alpheus R. French to him, on the 31st of May, 1856, as fully and effectually as it would or could have been if formally assigned in writing. *See Judge's opinion in the case, folio* 47; 3 *Johns. cases, pages* 329, 330; 2 *Burr Rep. p.* 978, 979; 4 *Johns. p.* 42, 43; 11 *do. p.* 528, *Bunyan vs. Merverean, cases there cited;* 5 *Cow. Rep. p.* 205, *Jackson vs. Blodget;* 5 *N. H. Rep. p.* 432, *Southron vs. Mendam;* 6 *do. do.* 210; 1 *Hilliard on Mortgages, p.* 221; 4 *Foster, p.* 484, *Whitnou vs. Gibbs;* 10 *Vermont, p.* 249, *Pratt vs. Bank, &c.;* 21 *do. do.* 321, *Keys vs. Wood;* 5 *Conn. p.* 237, *Huntington vs. Smith;* 6 *do. p.* 159, *Buckley vs. Chapman.*

*Sixth.* If the mortgage securing the debt passed from the Defendants to the Plaintiff, by delivery with the note and

became his property, then the alleged discharge of the mortgage subsequently made by defendant French, on the 26th of June, 1856, was void and of no effect whatever, and did not operate as a discharge of the mortgage in law or in fact, or affect the lien under the mortgage. 5 *Cowen's Rep. p.* 205, *Jackson vs. Blodget;* 9 *.Penn (by Barr) p.* 32, *Roberts vs. Halstead.*

*Seventh.* The discharge of the mortgage which it is alleged was made on the 26th of June, 1856, by French, (only one of the mortgagees,) did not discharge the mortgage because no express authority is shown from Sanborn to French, and none can be implied from the evidence which authorized French to execute a release under seal for and in the name of Sanborn. 5 *Cow. R. p.* 205, *Jackson vs. Blodget, before cited; Story on Partnerships, Sec.* 117, 119; *same on Agency, Sec.* 49; 9 *Wend. R. p.* 75, *Blood vs. Goodrich;* 1 *Johns. R. p.* 180, *Clement vs. Brush;* 12 *Mass. R. p.* 257; 1 *Wend. R. p.* 326 *McBride vs. Hogan et al.*

*Eighth.* That the Court below erred in overruling the several objections and each of them respectively made by the Defendants' counsel upon the trial, to the several questions, and on receiving the evidence on the part of the Plaintiff responsive thereto, as stated and contained in exception 1, folio 75, exception 2 folio 81, exception 4 folio 87, exception 5 folio 88, exception 8 folio 108, and exception 11 folio 113, of the Bill of Exceptions and record in the cause. 19 *Wend. p.* 230, *Clark vs. Varee; Vol.* 2 *Graham on New Trials, p.* 612, 613, *last ed.; same p.* 632, 633; 3 *Cowen Rep. p.* 621, *Osgood vs. Manhattan Co.;* 16 *Johns. Rep. p.* 87, *Marquand vs. Webb;* 7 *Barbour, p.* 585, *Allen vs. Way;* 10 *Johns. p.* 128; 13 *do p.* 350; 15 *do* 239.

*Ninth.* That the amount of the damages found and judgment rendered in favor of the Plaintiff and against the Defendants below, were excessive and not supported by the evidence and law in the case.

In this respect: Because not only the amount of the note was allowed, but also interest thereon, at the rate of four per cent per month, from the 31st day of May, 1856, until the date of the decision, February 20th, 1858, was allowed and judg-

42

ment rendered therefor.  *See Sedwick on Damages, pages* 68, 69 & 371.

The following are the points and authorities of Counsel for the Defendant in Error :

*First.*  The delivery of the mortgage accompanying the endorsement of the note it was given to secure, *passed the mortgage,* as well as the note, to the Plaintiff Webster, the mortgage being a new incident to the debt.  *Hilliard on Mortgages, vol.* 1, *pp.* 166, 173; *ib., vol.* 2, *p.* 294; *Johnson vs. Hart,* 3 *John. cases,* 329–30; *Jackson vs. Willard,* 4 *John. R.* 42–3; *Masereau vs. Runyan,* 11 *ib.* 538; *Southerin vs. Mundam,* 5 *N. H.* 420; 10 *Vt. Rep.* 294; 21 *ib.* 331.

*Second.*  The facts that the note and mortgage were in the hands of A. R. French, and that the Defendants so informed the Plaintiff when he called upon them to purchase the same, are presumptive evidence of authority in A. R. French to sell and transfer to Plaintiff, and, unexplained, are conclusive as between those parties.

*Third.*  The receipt of the money by the Defendants was a ratification of the transfer, and an adoption by the Defendants of the act of their agent A. R. French.  The express agreement of the Defendants, within two weeks afterwards to assign the mortgage, was clearly a ratification ;—at all events, the subsequent actual assignment of the mortgage, and the express recognition upon the endorsement of the note by the Defendant French, can leave no doubt of the ratification and adoption by the Defendants of the acts of A. R. French in this behalf. *Dunlap's "Paley on Agency,"* 171.

*Fourth.*  Such adoptive authority relates back to the time of the original transaction, and is deemed in law the same to all intents and purposes as if it had been given before the transaction.  *Dunlap's "Paley on Agency,"* 171, *note ; Lawrence vs. Taylor,* 5 *Hill.* 113.

*Fifth.*  The Defendants, having adopted the agency of A. R. French—in part, at least—by receiving the purchase-money paid by Plaintiff, cannot reject it as to the remainder : the adoption of one part operates as an adoption of the whole. *Dunlap's "Paley on Agency,"* p. 172.

*Sixth.* Burwell purchased the mortgaged premises with notice of the entry of satisfaction, but not of the assignment—such, at least must be the presumption: he, therefore, took the title discharged of the lien of the mortgage. 1 *Hilliard on Mortgages,* 173; *Roberts vs. Holsten,* 9 *Barr.* (*Penn.*) 32; *Rev. Stat., pp.* 213–14.

*Seventh.* Had the mortgage not been recorded at the time of Burwell's purchase, it will not be pretended that he would have taken subject to the lien. A discharge by the the mortgagees recorded with the mortgagor, leaves the record of the mortgage no longer notice to any one.

*Eighth.* The words "without recourse" having been added to the endorsement upon the note only upon the consideration of the assignment of the mortgage, if the assignment passed nothing, or if that assignment was rendered nugatory by the act of the Defendants, the Defendants are liable upon the note as endorsers thereof after maturity.

*Ninth.* Even if the Plaintiff may still enforce his mortgage as against Burwell, the Defendants, by their own acts in discharging the mortgage, are estopped from setting up such defence.

*Tenth.* If the Plaintiff is entitled to recover at all in this action, the measure of damages adopted by the Court below was clearly correct. The destruction of his security by the Defendants entitles him to recover of the Defendants just what that security had it remained intact would have insured him, viz: the amount of the debt and interest as prescribed in the note. *Ferris vs Hendrickson, vol.* 1 *Ed. Ch. R.* 132.

M. E. AMES, Counsel for Plaintiffs in Error.

BRISBIN & BIGELOW, Counsel for Defendant in Error.

*By the Court*—FLANDRAU, J. After a very careful review of this case, we are unanimous that I erred in the measure of damages which I adopted on the trial below.

The suit is in the nature of an action on the case for damages arising from the negligence of the Defendants. I gave the Plaintiff judgment for the amount of the note and interest at the rate of four per cent per month up to the time of the entry

of judgment, which was the rate of interest stipulated in the note. My view of the case at that time was, that having, by a careless act, destroyed the Plaintiff's security, and consequently rendered the note worthless, the Defendant would be bound to make him good for the whole amount of the note and interest. I am convinced now, that the proper rule of damages is, the value of the property destroyed at the time of the injury, with seven per cent per annum upon that amount until judgment. Had the property destroyed or rendered valueless been a house or a horse instead of a promissory note, the damages would not have been the value of the house or horse, with the amount added which the Plaintiff would otherwise have received for rent or hire, but the value of the property destroyed with seven per cent per annum. The cases are the same in principle.

The majority of the Court are of the opinion that the proof sustains the finding of the Court below, in all its other essential particulars, and that the complaint contains a good cause of action.

The Chief Justice differs with us on some points, and will submit his views on them.

We are clear that we can modify a judgment when the error committed goes to a part of the finding, and can be separated with certainty : in this case, the error was in the measure of damages adopted being four per cent per month, instead of seven per cent per annum. Judgment must be entered in this court, for the Plaintiff, for the amount of the note, and four per cent per month interest up to the time of the cancelling of the mortgage, by the Defendants, and seven per cent per annum on that amount until judgment.

The party who succeeds in obtaining a modification of the judgment below, is a prevailing party on the writ of Error, and is entitled to his costs in all cases, against the adverse party. *Stat. of Min. Last Ed. page* 624, *Sec.* 26.

Chief Justice EMMETT, filed the following opinion in this case:

It is to me somewhat difficult to determine the precise nature of this action under our practice. Whether it be in the nature

of an action of debt, an action on the case, or a suit in equity. It has somewhat a resembance to each—in form the action is debt—in substance, it is an action on the case, while complete justice could not be done between the parties without exercising the powers of a Court of Chancery.

We cannot properly treat this as a debt due to the Plaintiff, for the action sounds in tort rather than contract ; nor can we regard it as a suit in equity and afford the Plaintiff relief, for he must first do equity, by surrendering or offering to surrender the note and mortgage, before a Court could exercise its Chancery powers in his behalf. It is rather to be considered as an action on the case to recover the damages which the Plaintiff has sustained by the wrongful or negligent act of the Defendants; and this doubtless was the view taken by the Court below. The case was submitted to the Judge and he found all the issues in favor of the Plaintiff, and found as one of the facts, " that on the 4th day of February, 1857, Phillips conveyed the lands on which the said mortgage was formerly a lien, to a *bona fide* purchaser, *without notice* of the assignment of the mortgage, or the circumstances under which the same was satisfied." And as one of the conclusions of law the judge found "that the Plaintiff lost his security by the negligent act of the Defendants in satisfying the mortgage of record, and the subsequent sale of the premises to a *bona fide* purchaser, and that the Plaintiff is entitled to recover of the said Defendants the amount of the note with interest at the rate of four per cent per month from the 31st day of May 1856, up to which time the interest has been paid, amounting to the sum of $365 33, at the date of this decision," and ordered the Clerk to enter judgment for the amount.

The evidence in proof before the Court below is embraced in the bill of exceptions, and the first error assigned is, " that the finding and decision of the judge below is unsupported by and against the weight of all other evidence given in the cause."

Upon a careful examination of the evidence, it will be seen that the most material fact found—the one upon which the decision for the Plaintiff is evidently based, and without the existence of which he could not recover in any view of the

case, is, that Burwell was " an innocent purchaser without no tice of the assignment of the mortgage, or the circumstances under which the same was satisfied," is neither alleged in the pleadings, nor is there a particle of testimony in the proofs to support it.   The judge, in the absence perhaps of any argument on that question, must have taken it for granted, that a fact so obviously necessary to the right of the Plaintiff to recover, was either proved or admitted; or else he presumed its existence from the deed alone—certain it is however that the finding of this fact is unsupported by testimony or by allegation.   And it may further be stated that not only is it essential to the Plaintiff's right to recover that Burwell should have been an innocent purchaser without notice, but it is essentially important that his purchase should have been for a *valuable* consideration—what the consideration was does not appear by the testimony, nor is there any allegation concerning it.   I cannot therefore resist the conclusion, that the Court below erred, as well in the finding of the facts, as upon the measure of damages, awarded thereon, had the facts been found correctly, and for these reasons I think a new trial should have been awarded.