WILLIAM O. MAILLER, Respondent, *v.* THE EXPRESS PROPELLER LINE, Appellant.

The rule that where two vessels, one a sailing vessel, the other propelled by steam, are approaching, the former shall keep on her course and the latter keep out of the way, requires of the latter, from the moment the former is seen, to watch her course and movements with the highest diligence, so as to be able to adopt such timely measures of precaution as will prevent the two vessels coming in contact, and if a collision occurs through a failure to exercise such diligence and to adopt such precautions, she is liable.

*It seems*, that in an action for damages occasioned by a collision, it is not competent, upon the cross-examination of the captain or pilot of defendant's vessel, for plaintiff to ask as to other accidents which have happened while he has occupied that position.

In such an action the costs of repairing the injured vessel, her rental value while undergoing repairs, and the interest on both items are proper allowances as damages.

(Argued May 29, 1874; decided September term, 1874.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department affirming a judgment entered for plaintiff upon the report of a referee.

This action was brought to recover damages resulting from a collision which occurred between the plaintiff's sloop Illinois and the propeller John Taylor, owned by defendant, on the 23d day of July, 1868, in the Hudson river.

The referee found that the collision occurred about ten and a half o'clock in the night, in that part of the river called the Race, about sixteen miles southward of the city of Newburgh; that the wind, at the time, was from the south, and the sloop was proceeding down the river by tacking, or sailing from side to side of the river, which, at that point, was one-half mile wide; that the tide was then at low ebb, and the night was gray, stars shining; that the propeller was steaming up the river at the rate of from ten to twelve miles per hour; that the sloop, having made her tack, a stretch from the eastward toward the west bank of the river, and having

approached to within from 300 to 500 feet of that bank, came
about and stood for the eastern bank again; that at the time
of the coming about of the sloop the propeller was in the
Race, steaming northward, and bearing a little to the eastward,
and about a quarter of a mile down the river below the
sloop; that after the sloop had come about. she started and
kept her course toward the east bank of the river at an angle
of about thirty degrees, sailing at about the rate of four miles
per hour; and the propeller continued her course northward,
but sheering toward the east bank; that in about a minute
and a half after the sloop came about the two vessels came
together, the bowsprit of the sloop coming in contact with
the side of the propeller about eighty feet from the bow, and
the damage to the schooner complained of was thus done;
that the water of the river at the place of collision was deep
close to the west bank, and that the sloop could have sailed
to within a short distance of the bank; that the propeller
only endeavored to avoid said sloop by sheering still further
to the eastward; that the propeller could have been stopped,
at her then rate of speed, within a distance of from 800 to
1,000 feet, or turned about within the said distance; that
the sloop had proper lights; that the pilot of the propeller
saw the sloop before and at the time she was coming around
on her last tack from the west bank toward the east bank,
and up to the time of the collision, and he endeavored to
avoid the collision by turning his vessel to the eastward, and
in no other way; that there was sufficient room and draft of
water for the propeller to have passed to the westward of the
sloop; that the collision was caused by the negligence of
defendant's servants in charge of the propeller. And he
found, as conclusions of law, that the propeller was bound to
keep out of the way of the schooner, or sailing vessel, if pos-
sible, and that the schooner was bound to keep on her course;
that defendant's servants were guilty of negligence in the
management of the propeller, which negligence caused the
collision, and that the plaintiff was entitled to recover his
damages, which·were made up of costs of repairing and

rental value while undergoing repairs; and he allowed interest upon both items. Further facts appear in the opinion.

*R. W. Peckham* for the appellant. Plaintiff's negligence contributed to the injury, and he cannot recover. (*N. Y. and L. U. S. M. S. S. Co.* v. *Rumball*, 21 How. [U. S.], 372; *R. R. Co.* v. *Stout*, 17 Wall., 657, 661; *The Potomac*, 8 id., 590.) The evidence received on the examination of defendant's captain as to other accidents was improper, and its reception ground for a new trial. (*Williams* v. *Fitch*, 18 N. Y., 546.) It was error to allow interest on the value of the vessel. (*Tr. Co.* v. *Steamboat Co.*, 51 N. Y., 369.)

*Amasa J. Parker* for the respondent. As between a steamer and a sailing vessel, the latter has the right to keep on her course without turning to avoid collision. (*The Carroll*, 8 Wall., 302; *The Fannie*, 11 id., 238; *The Scotia*, 14 id., 170; *The Lucille*, 15 id., 676; *The Commerce*, 16 id., 33; *Parrott* v. *Knick. Co.*, 46 N. Y., 361; *Hawkins* v. *D. and O. Steamboat Co.*, 2 Wend., 452; *Mellon* v. *Smith*, 2 E. D. S., 462.) The measure of damages adopted by the referee was correct. (*Ludlow* v. *Vil. of Yonkers*, 42 Barb., 493; *Griffin* v. *Colver*, 16 N. Y., 489; *Howell* v. *Lamoree*, G. T., 2d Dist., MS.; 43 Barb., 493; *Worrall* v. *Munn*, 38 N. Y., 151.)

EARL, C. The learned counsel for the appellant does not question the report of the referee so far as he found the facts, but claims that the facts found do not sustain the conclusions of law.

In reviewing a judgment entered upon the report of a referee, we must not only take all the facts found, but such other facts as the referee may properly have found upon evidence tending to establish them. We must in this case give some force to the finding of fact that defendant's servants were guilty of negligence in the management of the propeller. There was certainly no conclusive evidence that plaintiff's servants were guilty of any negligence. They testified

that they run the schooner on her westward tack as near the west shore as was usual in the night, and as they thought prudent, and then, without seeing the propeller, they came about and started on the eastward tack, and then first discovered the propeller, when it was too late, by any management of the schooner, to avoid a collision. Defendant's servants on the propeller saw the schooner before she came about, and after they saw her, could have stopped the propeller, or gone to the westward of her, and have thus avoided the collision.

The schooner was not absolutely bound to keep on her westward tack, and, upon the facts, I can discover no negligence in bringing her about upon her eastward tack. It is true that she was, by this act, placed in peril. But after she was thus brought about she was bound to keep on her course, and the propeller was bound to keep out of her way, if she could, by the exercise of proper care. There was no necessity for precaution on the part of the propeller until the schooner came about, and then the rules of navigation became obligatory upon both vessels. It is one of the rules applicable to vessels approaching each other, that a vessel propelled by steam, from the fact that she is more easily managed and more fully under control, shall keep out of the way of a sailing vessel, and that the latter shall keep on her course; and this rule is obligatory from the time the necessity for precaution begins, and continues applicable as the vessels advance, so long as the means and opportunity to avoid the danger remain.

In *New York and Liverpool U. S. Mail Steamship Co. v. Rumball* (21 How. [U. S.], 372), it is said that under this rule the steamer must of necessity determine for herself, and upon her own responsibility, independently of the sailing vessel, whether it be safe to go to the right or left or to stop, and in order that she may not be deprived of the means of determining the matter wisely, it is required that the sailing vessel shall keep her course and allow the steamer to pass either on the right or left, or to adopt such measures of precaution as she may deem best suited to enable her to perform

her duty and fulfill the requirement of the law to keep out of the way. In *The Carroll* (8 Wall., 302), the rule is laid down as follows: That when a steamship and sailing vessel are approaching from opposite directions, or on intersecting lines, the steamship, from the moment the sailing vessel is seen, shall watch with the highest diligence her course and movements, so as to be able to adopt such timely measures of precaution as will necessarily prevent the two boats coming in contact. (See, also, *The Fannie*, 11 Wall., 238.; *The Lucille*, 15 Wall., 676, and *Parrott* v. *Knickerbocker and N. Y. Ice Co.*, 46 N. Y., 361.)

We therefore see no reason for disturbing the finding of the referee that the propeller was in fault and liable for the damage occasioned by the collision.

Upon the trial McAllister, the captain of the propeller, was sworn as a witness for the defendant, and upon his cross-examination plaintiff's counsel was allowed, against the objection of the counsel for the defendant, to ask him several questions as to accidents which had happened while he was pilot or captain of the propeller. I think the referee erred in allowing the questions, but they manifestly did no harm. They did not elicit any evidence which could in any way influence the decision of the case.

The referee found that the plaintiff was entitled to recover as his damages the cost of repairing the schooner, and her rental value while she was undergoing repairs, and interest upon both items. It is now claimed that he erred in allowing interest upon the latter item. There was no error. Having ascertained what plaintiff's damage was, the referee properly allowed interest on the amount thereof from the time plaintiff became entitled to payment of the same. Without the interest plaintiff would not have recovered full indemnity. (*Worrall* v. *Munn*, 38 N. Y., 151; *Whitehall Transportation Co.* v. *N. J. Steamboat Co.*, 51 id., 369.)

The judgment should therefore be affirmed, with costs.

All concur.

Judgment affirmed.