[See United Hydraulic Cotton-Press Co. v. The Alexander McNeil. Case No. 14,404; Brown v. Same. Id. 1,988; Coyne v. Same. Id. 3,312a; Southern Bank v. Same, Id. 13,186.]

---

## Case No. 178.

### The ALEXANDRIA.

[10 Ben. 101.][2]

District Court, S. D. New York. Sept., 1878.

COLLISION—DAMAGES—INTEREST ON DEMURRAGE—CUSTODY OF CARGO.

1. In a collision case the owners of the injured vessel may recover interest on the sum allowed them for the demurrage of their vessel.

[Disapproved in Johanssen v. The Eloina, 4 Fed. Rep. 574, 575.]

[See note at end of case.]

2. A reasonable sum for the care and custody of cargo is also to be allowed, but not interest on the value of the cargo.

[In admiralty. Libel by William B. Byrnes and others, owners of the barkentine C. L. Pearson, against the steamship Alexandria, for damages sustained by collision. Decree for libelants. An appeal was taken to the circuit court, and there affirmed.]

Scudder & Carter, (G. A. Black,) for libellants.

H. Nicole, for claimants.

CHOATE, District Judge. Exceptions to the report of a commissioner on the amount of the damages sustained by the libellants in a case of collision. One of the items allowed is demurrage, or an allowance for the loss of the use of the libellants' vessel while being repaired. It was agreed between the parties that the fair rate of demurrage was sixty dollars per day, making this item $1,-

920. The libellants claimed interest on this item, which was refused by the commissioner, to which refusal the libellants except. It seems to me that the libellants are entitled to interest on this item from the date of the commencement of the suit. The item itself is allowed because it is a loss directly caused by the collision, and sustained by the libellants. That loss had been sustained prior to the commencement of the suit. They have been kept out of it since that time by the defense interposed in the suit. Their indemnity obviously will not be complete unless interest is allowed. The case comes within the principle of the case of The America, [Case No. 285.] In the case of Mailler v. Express, etc., Line, 61 N. Y. 316,[3] it was expressly ruled by the New York court of appeals that interest should be allowed on an item of damages of this character. It seems to have been once the rule of the common law that interest will not be allowed on an unliquidated claim for damages, even in cases sounding in the contract, but this rule has been greatly modified. In the case of Foster v. Goddard, [Case No. 4,969,] tried in the circuit court of the United States in this district, before Judge Blatchford and a jury, the case being assumpsit for services of a mercantile agent on a quantum meruit, the jury were instructed that having found the value of the service, they should add interest from the commencement of the suit. The case went to the supreme court, and the judgment was affirmed. This ruling seems not to have been questioned there. Goddard v. Foster, 17 Wall. [84 U. S.] 123. The disallowance of interest in the present case is said to be in accordance with the practice in this court; but I am referred to no case where the court has actually passed upon the question. Damages in collision cases in the courts of admiralty are, in general, to be estimated "in the same manner as in other suits of like nature for injuries to personal property." The Baltimore, 8 Wall. [75 U. S.] 385.[4] It cannot be claimed, therefore, that the disallowance of this claim for interest can rest on any principle as to computing damages peculiar to this court as a court of admiralty. This exception is therefore allowed. The commissioner rightly held the claim for damages, by reason of the prolongation of the subsequent voyage, too remote and speculative to be allowed. He also correctly held upon the testimony that the sum allowed for the care and custody of the cargo was a reasonable compensation therefor. So, also, he properly disallowed the claim for interest on the cargo during its detention. Full damages were allowed for the injury to the cargo with interest. Libellants' 1st exception sustained,

---

[3][See, contra, White v. Miller, 71 N. Y. 135, 78 N. Y. 393.]
[4][See, also, The Cayuga, 14 Wall. (81 U. S.) 270.]

2d and 3d overruled. Claimants' exception overruled.

[NOTE. Demurrage for the detention of an injured boat while undergoing repairs was allowed without mention of interest in the following: Williamson v. Barrett. 13 How. (54 U. S.) 101; The Cayuga v. Hoboken Land & Imp. Co., 14 Wall. (81 U. S.) 270; The Favorite v. Union Ferry Co., 18 Wall. (85 U. S.) 598; The Potomac v. Cannon, 105 U. S. 630; The M. M. Caleb, Case No. 9,683. In Johaussen v. The Eloina, 4 Fed. Rep. 573, the district court for the eastern district of New York decided that it was not in accordance with the practice in that district to allow interest on demurrage, but after a review of the authorities, including The Alexandria, Case No. 178, held that at most the allowance of interest was within the discretion of the court. The allowance of interest was refused in The Isaac Newton, Id. 7,091.]