CHARLES FRAZER *vs.* BIGELOW CARPET COMPANY & another.

Suffolk.   Jan. 15. — Feb. 24, 1886.   FIELD, J., did not sit.   DEVENS & GARDNER, JJ., absent.

If C. denies his liability for the destruction of A.'s property by a disaster which also destroyed B.'s property, and, after B. has maintained an action against C. for his loss, A. brings an action against C. in which C. admits his liability, the tribunal assessing the damages has power, in its discretion, to add interest to the sum which it finds to represent A.'s loss on the day it occurred.

TORT against the Bigelow Carpet Company and the Worcester and Nashua Railroad Company, for the destruction of the plaintiff's buildings, dam, water privilege, and personal property, by the negligent acts of the defendants in causing an undue accumulation of water in a pond, and an unsafe pressure on the retaining dam thereof.   Writ dated September 12, 1881.

The case was referred to an auditor, whose report stated that the plaintiff's loss resulted from the same torts alleged in *Bryant* v. *Bigelow Carpet Co.* 131 Mass. 491; that the defendants' liability for the loss was admitted; and that the damages sustained by the plaintiff, as of March 26, 1876, the day the property was destroyed, amounted to $4000.

On the question whether the plaintiff was entitled to interest on this sum, the auditor found the following facts, and reported the question of law for the determination of the court:

The property was wholly and immediately destroyed in the manner alleged, and none of it ever came into the defendants' possession.   In the summer of 1876, the plaintiff orally presented his claim to an agent of the Bigelow Carpet Company, and at this interview said defendant denied its liability for the plaintiff's loss, which was insisted upon by the plaintiff.   Again, in the

year following, a similar interview was had between the same parties; but the plaintiff did not at either interview state the items or amount of his loss, or of the property destroyed. The plaintiff delayed instituting his suit because the question of liability was of somewhat novel impression, and he was informed by the defendants that it would be contested. The plaintiff knew of the pendency of the suit of *Bryant* v. *Bigelow Carpet Co.* to determine said liability, and that the facts applicable thereto in that case would apply to his own case.

The report further stated, that if, upon the above facts, the court should rule that the plaintiff was legally entitled to interest upon said sum of $4000, the same was to be added thereto; and if the court should rule upon the facts aforesaid that the allowance of interest rested in the discretion of the jury, or other tribunal assessing damages, that, as matter of discretion, upon said facts, the plaintiff was entitled to interest.

At the trial in the Superior Court, before *Knowlton*, J., the auditor's report was the only evidence offered. The judge found for the plaintiff in the sum of $4000, and reported the question of law in regard to interest arising on the auditor's report for the determination of this court.

If, in the opinion of the court, the plaintiff was entitled to interest for any length of time, judgment was to be entered for $4000, and interest thereon for such length of time; otherwise, judgment was to be entered for the plaintiff for $4000.

*J. C. Coombs & N. U. Walker,* for the plaintiff.

*E. W. Hutchins & H. Wheeler,* for the defendants.

HOLMES, J. This is an action for the negligent destruction of property by the same disaster which was discussed in *Bryant* v. *Bigelow Carpet Co.* 131 Mass. 491. The defendants' liability is admitted, and the only question is whether the tribunal assessing the damages had power, in its discretion, to add interest to the sum which it found to represent the plaintiff's loss on the day it took place.

Interest was allowed, without discussion, in *Bryant* v. *Bigelow Carpet Co. ubi supra.* It is allowed as of right in trover and other like actions; and although it is suggested that, in such cases, the defendant may be presumed to have had the use of the goods since the conversion, this is not necessarily the fact,

and, if it were, would have no bearing on the indemnity due the plaintiff. Interest is allowed in the admiralty upon damages for collision, and other courts have adopted the admiralty doctrine. *Straker* v. *Hartland*, 2 H. & M. 570. *The Amalia*, 34 L. J. Adm. 21. *The Dundee*, 2 Hagg. Adm. 137. *The Mary J. Vaughan*, 2 Ben. 47. *Parrott* v. *Knickerbocker Ice Co.* 46 N. Y. 361. *Mailler* v. *Express Propeller Line*, 61 N. Y. 312. The same principle has been applied in other cases of the negligent destruction of property. *Chapman* v. *Chicago & Northwestern Railway*, 26 Wis. 295, 304. *Sanborn* v. *Webster*, 2 Minn. 323. See also *Lawrence Railroad* v. *Cobb*, 35 Ohio St. 94.

Notwithstanding the language of Wood, V. C., in *Straker* v. *Hartland, ubi supra*, it may be conceded, for the purposes of this decision, that a mere liability to pay such a sum, if any, as a jury may hereafter determine, cannot properly be called a debt. *Read* v. *Nash*, 1 Wils. 305. *Lewkner* v. *Freeman*, Prec. Ch. 105; *S. C.* 1 Eq. Cas. Abr. 149, pl. 5; Freem. Ch. 236. Compare *Kay* v. *Pennsylvania Railroad*, 65 Penn. St. 269, 277. And we will assume that the sum ultimately found by the jury cannot be said to have been wrongfully detained before the finding, in such a sense that interest is due *eo nomine*. *Blogg* v. *Johnson*, L. R. 2 Ch. 225, 230. *Chicago* v. *Allcock*, 86 Ill. 384.

But we have heard no reason suggested why, if a plaintiff has been prevented from having his damages ascertained, and, in that sense, has been kept out of the sum that would have made him whole at the time, so long that that sum is no longer an indemnity, the jury, in their discretion, and as incident to determining the amount of the original loss, may not consider the delay caused by the defendant. In our opinion they may do so; and, if they do, we do not see how they can do it more justly than by taking interest on the original damage as a measure. See further *Lincoln* v. *Claflin*, 7 Wall. 132, 139; and the often cited language of Shaw, C. J., in *Parks* v. *Boston*, 15 Pick. 198, 208; *Burt* v. *Merchants' Ins. Co.* 115 Mass. 1, 14; *Old Colony Railroad* v. *Miller*, 125 Mass. 1, 4.

It is argued that the discretion was exercised wrongly, because the delay was due to the plaintiff's not bringing his action. But he presented his claim, and was informed that the defendants denied their liability. Under such circumstances, the most

prudent and economical thing for both parties was for the plaintiff to postpone his suit until a test case had settled the question. The delay for that purpose was caused by the defendants as truly as if a suit had been begun and continued to await the decision in *Bryant* v. *Bigelow Carpet Co.*

*Judgment for the plaintiff for $4000, and interest.*