TEXAS & NEW ORLEANS RAILROAD COMPANY v. H. A. CARR.

No. 609.—Decided December 16, 1897.

**1.  Damages—Amount Claimed—Interest—Charge.**
An instruction permitting the jury to allow plaintiff as damages for a personal injury, in addition to a sum not exceeding the total amount sued for, interest from the date of the injury to that of the judgment, is erroneous as to such allowance of interest.  (P. 334.)

**2.  Same—Remittitur.**
Such instruction, though the judgment recovered was for less than the total damages alleged, may have induced the jury to allow interest improperly; but plaintiff may remit in the appellate court, reducing the judgment to a sum which at such interest would equal the amount recovered, and have judgment rendered therefor.  (P. 334.)

ERROR to the Court of Civil Appeals for the Fourth District, in an appeal from Orange County.

Action for personal injuries brought by Carr. He recovered judgment against the railway company, which appealed and on its affirmance obtained writ of error.

*S. R. Perryman, Baker, Botts, Baker & Lovett* and *A. L. Jackson*, for plaintiff in error.—The Court of Civil Appeals erred in refusing to sustain the assignment to the effect that the trial judge erred, to appellant's prejudice, in giving to the jury that portion of the main charge, which reads as follows, to-wit: "The fault or negligence on the part of plaintiff which would preclude him from recovery, if there was negligence both on his part and upon the part of the company, its agents or employes, is not the least degree of fault or negligence; but it must be such a degree as to amount to the want of ordinary care on his part under all the circumstances at the time of the injury." Railway v. Gorbett, 49 Texas, 573; Railway v. Leslie, 57 Texas, 88; Railway v. Geiger, 79 Texas, 21; Whittaker's Smith on Negligence, chap. 5, p. 459; Railway v. LeGierse, 51 Texas, 202; Railway v. McCoy, 38 S. W. Rep., 37; Austin v. Talk, 20 Texas, 165; Willis v. McNeil, 57 Texas, 479; Railway v. Harriett, 80 Texas, 81; Railway v. Welch, 86 Texas, 207; Railway v. Robinson, 73 Texas, 283; Rev. Civ. Stats., art. 1317; Railway v. Murphy, 46 Texas, 357.

We contend (1) that the expression "not to exceed the amount sued for, to-wit, fifteen thousand one hundred and seventy dollars, with six per cent interest per annum from date of the injury to the present time," improperly emphasized the maximum limit of recovery under the pleadings, and tended to create the impression upon the jury that, in the opinion of the court, the facts warranted a recovery for the amount stated. (2) That the charge by said expression misstated and exaggerated the amount to which the plaintiff was entitled at law and under his pleadings in this: That while his petition, filed April 18, 1896, claimed as damages for the present, past and future consequences of the injury, simply the sum of fifteen thousand one hundred and seventy dollars, yet the charge authorized the jury to find this amount, together with six per cent interest per annum thereon from the date of the injury, April 24, 1894, to the date of the judgment, April 20, 1896, a period of two years, thus allowing for such past, present and future results an item of damages, to-wit, interest, which was not recoverable at law nor claimed by the petition. Willis v. McNeill, 57 Texas, 478; Glascock v. Shell, 57 Texas, 225; Bryan v. Acee, 27 Ga., 87; Railway v. Wallace, 91 Tenn., 35; Railway v. Taylor, 104 Pa. St., 306; Railway v. Young, 81 Ga., 397; Ratteree v. Chapman, 79 Ga., 574; 1 Suth. on Damages, 610; Sedgwick on Measure of Damages, 466 (377).

According to the undisputed evidence, the injury results from appellee's contributory negligence in failing to exercise ordinary care, by the use of his sense of sight, to discover and avoid the approaching cars.

The Court of Civil Appeals erred in refusing to sustain assignment to

the effect that the trial judge erred in refusing defendant's motion for a new trial, because the verdict was excessive. We insist that the amount of the verdict was greatly in excess of the injury and damages proven, and that such excess was superinduced in part by the errors in the court's charge mentioned in the first and second grounds of this petition. Railway v. Hall, 78 Texas, 658; Railway v. Finley, 79 Texas, 87; Railway v. Underwood, 64 Texas, 466; Willis v. McNeill, 57 Texas, 478.

*Ford, Martin & Jones*, for defendant in error.

DENMAN, ASSOCIATE JUSTICE.—On April 20, 1896, H. A. Carr recovered judgment against the Texas & New Orleans Railroad Company for $13,742.86, for personal injuries received April 24, 1894, which judgment was affirmed by the Court of Civil Appeals. The petition, after stating the circumstances, alleged: "That by reason of the injuries aforesaid, plaintiff has been actually damaged in the sum of Ten Thousand One Hundred and Seventy Dollars ($10,170) and that, by reason of the crushing, mangling and bruising of plaintiff's leg as aforesaid, plaintiff has suffered great physical pain and mental anguish and agony, to his damage in the further sum of Five Thousand Dollars."

The trial court instructed the jury that if they should find for plaintiff they might assess his damages at a sum "not to exceed the amount sued for, to-wit: fifteen thousand one hundred and seventy dollars, with six per cent interest per annum from date of injury to the present time."

The action of the Court of Civil Appeals in overruling the assignment of error complaining of this charge is assigned as error here. We think the charge was on its face erroneous in that it permitted the jury to allow interest for the period of one year eleven months and twenty-six days intervening between the dates of the injury and judgment (Watkins v. Junker, 90 Texas, 584). This erroneous statement of the law may have resulted in the addition of such interest, and to that extent but no further may have prejudiced defendant. The judgment will therefore be reversed and the cause remanded unless plaintiff below within ten days from this date files a remittitur reducing the original judgment to $12,277.75,—that being the sum which put at interest at the rate of six per cent per annum for one year eleven months and twenty-six days will amount to the original judgment, $13,742.86; but if such remittitur be filed the judgment will be reversed and here rendered for plaintiff below for $12,277.75, with interest thereon at six per cent per annum from the date of the judgment below, and all costs of the trial court,—plaintiff in error to recover all costs of appeal and writ of error.

ON REMITTITUR.

DENMAN, ASSOCIATE JUSTICE.—Plaintiff below having filed the suggested remittitur, judgment will be here rendered in his favor for

the amount above indicated. We deem it proper to say that while we are of opinion that the question decided by us was properly raised by the assignment made in the Court of Civil Appeals, yet it was not urged there in the written argument contained in appellant's brief, and for that reason was doubtless overlooked by the court. We therefore do not understand that Honorable Court to have intended to hold the converse of the proposition of law upon which we have decided this case.

*Rendered on remittitur.*

December 23, 1897.