(49 South. 213.)

No. 17,318.

BOMMARIUS v. NEW ORLEANS RY. & LIGHT CO.

(April 26, 1909.)

1. CARRIERS (§ 303*)—CARRIAGE OF PASSENGERS—CARE REQUIRED.

A conductor of an electric car, before giving the signal for his car to resume its course after one or more passengers have alighted, must look into the car to see if other passengers are in the act of alighting.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1224–1243; Dec. Dig. § 303.*]

2. INTEREST (§ 39*)—JUDGMENTS—ACCRUAL.

A judgment for personal injuries negligently inflicted draws interest from its date, and not from judicial demand.

[Ed. Note.—For other cases, see Interest, Cent. Dig. § 84; Dec. Dig. § 39.*]

3. COSTS (§ 240*)—COSTS ON APPEAL—PARTY LIABLE.

One who prays for interest only from the date of the judgment, but who fails to correct the error of the court rendering judgment in his favor with interest from judicial demand, while interest runs only from the date of the judgment, is liable for the costs of an appeal from the judgment, amended so as to make interest run from its date.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 240.*]

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Action by Frederick H. Bommarius against the New Orleans Railway & Light Company. From a judgment for plaintiff, defendant appeals. Amended and affirmed.

Dart & Kernan and William Kernan Dart, for appellant. Edwin Howard McCaleb, Jr., for appellee.

PROVOSTY, J. Plaintiff's statement is that he boarded one of the Dauphine Street cars of the defendant company, on Canal street, intending to visit his mother-in-law on Mazant street, and having with him his three year old child; that, there being no corner light at Mazant street, he gave the signal for the car to stop at Bartholomew street, which is the next street before reaching Mazant, where there was a corner light; that another passenger rang the bell at the same time that he did, and immediately got up and walked to the platform of the car, and, when the car slackened speed and was about to come to a stop, got off; that, the moment this passenger got off, the conductor, without looking to see if any other passenger was in the act of leaving the car, gave the signal for the car to resume its speed; that at that moment he (plaintiff) had just left his seat, with the child in his arms, and was starting towards the door; that the car resumed its speed with great and unusual suddenness, so much so that he was thrown to the floor and injured; that the failure of the conductor to look into the car to ascertain whether other passengers were not in the act of getting off the car, and also the unaccustomed suddenness with which the car was made to resume its speed, constituted negligence on the part of the defendant company, for which it is answerable in damages.

The defendant company claims that the stop signal was given for a stop at Mazant street, and that the stopping of the car in response to it was done in the usual way. It says that plaintiff's breath smelt strong of whisky when he was picked up, and that this probably accounts for his fall.

The theory of drunkenness is not borne out by the evidence. As to the stop at Bartholomew street, and a passenger getting off, and the car suddenly resuming its speed, and plaintiff's falling, plaintiff is corroborated by one witness. On the other side are the conductor and the motorman. It is a case of about evenly balanced testimony, where the trial judge who saw and heard the witnesses has decided in favor of plaintiff. He allowed $500 damages. The injuries consisted in cuts and bruises about the face. The appeal is by defendant, and plaintiff

asks for an increase. We will not disturb the judgment.

We do not agree with defendant that it is not the duty of the conductor of an electric street car, before giving the signal for his car to resume its course, after one or more passengers have alighted, to look into his car to see if other passengers are not in the act of getting off the car. Ordinary prudence would suggest that he do so. As to the rule in such cases, see 6 Cyc. 615; 5 A. & E. E. 576.

Interest is made to run on the judgment appealed from from judicial demand, instead of from date of judgment. This must be corrected, and has the effect of throwing costs of appeal on plaintiff. Plaintiff is really not responsible for this error, as he had prayed for interest only from date of judgment; but he should have corrected the error in the lower court by a remittitur.

The judgment appealed from is amended, so as to make interest thereon run from date of judgment, instead of from judicial demand, and, as thus amended, is affirmed. Defendant to pay the costs of the lower court, and plaintiff those of the appeal.