### MINNIE G. COCHRAN *vs.* CITY OF BOSTON.

Suffolk.   November 21, 1911. — February 29, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DECOURCY, JJ.

*Damages,* In tort, Interest.

A plaintiff in an action against a city under R. L. c. 51, § 18, for personal injuries caused by a defect in a highway is not entitled to have the jury instructed that in ascertaining damages they may add to what they consider to be a fair compensation to the plaintiff for the injuries he has suffered a further sum as interest due to him by reason of the delay caused by his having to resort to an action to enforce his claim.

TORT under R. L. c. 51, § 18, for personal injuries alleged to have been suffered by the plaintiff by reason of a defect in Wenham Street in Boston on May 18, 1909. Writ dated June 29, 1909.

The case was tried in the Superior Court before *Sherman,* J., on April 26 and 27, 1911. The presiding judge refused to instruct the jury that, in ascertaining the damages to which the plaintiff was entitled, they might add to what would be a fair compensation for the injury interest for the time during which the plaintiff was delayed by having to enforce her claim by bringing an action. The jury found for the plaintiff in the sum of $350; and the plaintiff alleged exceptions.

*F. G. Bauer,* for the plaintiff.

*G. A. Flynn,* for the defendant.

RUGG, C. J. This is an action for personal injuries received by the plaintiff while a traveller from a defect in a highway. The only question to be decided is whether in such an action the plaintiff is entitled to an instruction to the effect that in ascertaining

damages the jury have a right to add to the fair compensation interest by reason of delay.   The plaintiff relies on *Frazer* v. *Bigelow Carpet Co.* 141 Mass. 126, where it was held that in an action for injury to property the jury, in their discretion, and as incident to determining the amount of the original loss, may consider the delay caused by the defendant.   This case has been followed in other cases of tortious injury to property. *Ainsworth* v. *Lakin*, 180 Mass. 397.  *Atwood* v. *Boston Forwarding & Transfer Co.* 185 Mass. 557.   *Peabody* v. *New York, New Haven, & Hartford Railroad*, 187 Mass. 489, 493.   The rule in substance adopted in these cases is that, while interest is not allowed as matter of right, the time for which the plaintiff has been kept out of the use of his property or the damage occasioned by the wrong of the defendant may be considered and an amount not exceeding the legal rate of interest may be included therefor in the verdict if necessary in order to give adequate compensation.   This principle is applicable to cases where there has been a definite injury to specific property.   The reason is that stated by Chief Justice Shaw, in *Parks* v. *Boston*, 15 Pick. 198, in laying down the rule for the computation of interest where property is taken by eminent domain.   The injury occurs and is finished in its results on a particular day, and can then best be ascertained, and exact justice would be done by a contemporaneous determination of the loss.   An action for personal injuries is essentially different in its nature.   The damages are not complete and ended on the day of the accident, but continue for a greater or less period thereafter.

The extent and magnitude of the injury are not infrequently unappreciated and incapable of reasonable ascertainment on the day it is received.   Its degree of permanence is often deceptive at the first, and commonly the determination of conditions requisite for recovery is materially assisted by the perspective of time. The most helpful aids in learning the nature and degree of actual injury may be events occurring after the event complained of. There is no fixed standard by which the compensation to be awarded can be measured.   Its general rules have been stated many times. The sum of money fixed upon must be such as fairly compensates the injured person for the loss of time, the physical pain and the mental suffering, both that undergone in the past and likely to occur in the future, and also money reasonably expended and to be

expended in assuaging pain and in restoration to health. Elements that are past and also those which are to come must be considered. Most of them are not capable of mathematical computation. They can be settled only by the sound judgment and conscience of the tribunal by which they are assessed, and they are peculiarly within its province. The damages are to be determined, moreover, as of the day of the trial. It is apparent that interest or considerations akin to interest have no place in an inquiry of this sort. Interest is compensation for the use of money which is due. But the money which the wrongdoer is required by law to pay for the future suffering, expense or loss of time of one whom he has injured is not due until judgment is made up. It is not a debt and does not become a definite obligation until a verdict or finding has been finally entered. It is composed of divers elements, together making up a gross sum, many of which may not have sprung into being on the day when the tort was committed, although directly traceable to it as a cause. If interest were properly chargeable on that which has already accrued, discount should be allowed upon that which relates to the future. Such a method of computing damages would be wholly impracticable. The amount of damages recoverable in actions of this sort, as well as those under certain branches of the employers' liability act and under penal statutes for causing death, is limited to definite amounts. Plainly no interest can be allowed in instances of maximum injury.

It has been the practice in this Commonwealth not to extend the rule of *Frazer* v. *Bigelow Carpet Co., supra,* to cases of this sort. Although the custom has been firmly established and continuous not to allow enhancement of damages by reason of delay, and personal injury actions have been very numerous for many years, the question has never been presented before for consideration. The grounds against such an extension of allowance of interest appear conclusive. This view is supported by the great weight of authority in other jurisdictions. *Railroad* v. *Wallace,* 91 Tenn. 35. *Burrows* v. *Lownsdale,* 133 Fed. Rep. 250. *Jacobson* v. *United States Gypsum Co.* 150 Iowa, 330, 339. *Arkansas & Louisiana Railroad* v. *Stroude,* 82 Ark. 117, 127. *Fell* v. *Union Pacific Railway,* 32 Utah, 101, 111. *Ratteree* v. *Chapman,* 79 Ga. 574, 581. *Sargent* v. *Hampden,* 38 Maine, 581. *Western & Atlantic*

*Railroad* v. *Young,* 81 Ga. 397. *Missouri & Kansas Telephone Co.* v. *Vandervort,* 71 Kans. 101. *Pittsburg Southern Railway* v. *Taylor,* 104 Penn. St. 306. *Texas & New Orleans Railroad* v. *Carr,* 91 Texas, 332. *Bommarius* v. *New Orleans Railway & Light Co.* 123 La. 615. See also *Tilghman* v. *Proctor,* 125 U. S. 136, 161; *Shafer Fruit & Cold Storage Co.* v. *Upton Cold Storage Co.* 133 App. Div. (N. Y.) 796.

*Exceptions overruled.*