### In re GREAT LAKES DREDGE & DOCK CO.

(District Court, D. Massachusetts. November 14, 1917.)

No. 776.

1. SHIPPING ☞209(3)—PROCEEDING FOR LIMITATION OF LIABILITY—AMEND-
   MENT OF LIBEL.
   Where the petitioner for limitation of liability, as owner of a vessel,
   was in no way misled in the presentation of its case by the statement of
   the amount of damages contained in the libel, and in no way altered its
   position in reliance thereon, the damage claimant's motion to amend
   should be allowed.

2. COLLISION ☞130—INTEREST—DISCRETION.
   In collision cases, the allowance of interest on the award rests in the
   discretion of the court; but, where there are no special circumstances
   affecting the matter, the general rule should be applied.

3. COLLISION ☞130—INTEREST—ALLOWANCE.
   In collision cases, the general rule is that interest on the damages
   eventually awarded should be computed from the date of the collision, or
   from the dates when payments for the necessary repairs were actually
   made.

4. COLLISION ☞130—INTEREST—DEMURRAGE.
   In collision cases, interest on demurrage should be computed from
   the time the vessel returned to service.

In Admiralty. Petition by the Great Lakes Dredge & Dock Com-
pany for limitation of liability, as owner of drill boat No. 4. Decision
on commissioner's report. Decree for damage claimant.

C. E. Kremer, of Chicago, Ill., and Fitz-Henry Smith, Jr., of Bos-
ton, Mass., for petitioner.

Edward S. Dodge, of Boston, Mass., and Benjamin Thompson, of
Portland, Me., for Eastern S. S. Corporations.

MORTON, District Judge. As to the damage claimant's motion to
amend:

[1] It does not appear that the petitioner was in any way misled in
the presentation of its case by the statement of the amount of dam-
ages contained in the libel, nor that it has in any way altered its posi-
tion in reliance thereon. The motion to amend is allowed. The Minne-
tonka, 145 Fed. 509, 514, 77 C. C. A. 217 (C. C. A. 2d Cir.); The
Charles Morgan, 115 U. S. 69, 75, 5 Sup. Ct. 1172, 29 L. Ed. 316.

As to the exceptions to the commissioner's report:

I have carefully considered the numerous exceptions taken by both
parties to the commissioner's report and am of opinion that none of
them is well founded. They are each and all overruled.

[2] As to interest:

The allowance of interest in cases of this character is said to rest in
the discretion of the court. The Albert Dumois, 177 U. S. 240, 255,
20 Sup. Ct. 595, 44 L. Ed. 751; The Scotland, 118 U. S. 507, 518, 6
Sup. Ct. 1174, 30 L. Ed. 153; The Maggie J. Smith, 123 U. S. 349, 356,
8 Sup. Ct. 159, 31 L. Ed. 175; Redfield v. Ystalyfera Iron Co., 110 U.
S. 174, 176, 3 Sup. Ct. 570, 28 L. Ed. 109. The commissioner at first
included interest in his award, but subsequently, on objection by the

petitioner, struck out that item, upon the ground that he was not authorized to pass on the allowance of interest. The facts are all before the court, being contained in the opinion dated March 31, 1916, and in the commissioner's report, and it is a pure question of law whether interest should or should not be allowed. The case presents, so far as I can see, no special circumstances affecting the matter either way. The general rule should be ascertained and applied.

[3] In cases of collision, the great weight of authority is that interest on the damages eventually awarded should be computed from the date of the collision, or from the dates when payments for the necessary repairs were actually made.

"Then I find that the settled law of the court of admiralty is that interest is as much payable in cases of collision as if there had been a contract to pay interest, and that the damages are there held to be due at the date of the collision, and that interest is given from that time." Wood, Vice Chancellor, in Straker v. Hartland, 2 H. & M. 570, 575.

"The referee found that the plaintiff was entitled to recover as his damages the cost of repairing the schooner, and her rental value while she was undergoing repairs, and interest upon both items. It is now claimed that he erred in allowing interest upon the latter item. There was no error. Having ascertained what plaintiff's damage was, the referee properly allowed interest on the amount thereof from the time plaintiff became entitled to payment of the same. Without the interest plaintiff would not have recovered full indemnity." Earl, C., Mailler v. Express Propeller Line, 61 N. Y. 312, 316.

"Interest is allowed in the admiralty upon damages for collision, and other courts have adopted the admiralty doctrine." Holmes, J. (citing authorities), Frazer v. Bigelow Carpet Co., 141 Mass. 126, 4 N. E. 620.

See Cochran v. Boston, 211 Mass. 171, 97 N. E. 1100, 39 L. R. A. (N. S.) 120, Ann. Cas. 1913B, 206. See, too, The Rabboni, 53 Fed. 948, 952 (Putnam, J.).

These decisions seem to me rather difficult to reconcile with the general principles of the law in regard to the award of interest on unliquidated claims based upon torts, which do not increase the tortfeasor's property. See The J. G. Gilchrist (D. C.) 173 Fed. 666, 672; Great Lakes Towing Co. v. Kelly Island Co., 176 Fed. 492, 498, 100 C. C. A. 108; The Argo, 210 Fed. 872, 875, 127 C. C. A. 456. I should have been disposed to say that the loss of interest through the delay necessarily incident to litigation was not attributable to the wrongdoer's negligence, and was damnum absque injuria, and that interest should be allowed either from the date when the sum due was liquidated (i. e., from the filing of the commissioner's report), or from the adjudication of liability (i. e., from the date of the opinion).

[4] But the law appears to be settled otherwise, and a court of first instance ought to follow the law as it finds it. The demurrage stands on the same footing as the damages. Interest on it should be computed, as the damage claimant contends, from the time when the Massachusetts returned to service. Mailler v. Express Propeller Line, supra.

The result is that the damage claimant is entitled to recover interest on the damages awarded for loss of property from the date of the collision, on the sums paid for repairs from the dates of payment, and on demurrage from the time when the steamer returned to work.

A draft decree in accordance herewith may be submitted by the damage claimant on due notice.