SARGENT *versus* INHABITANTS OF HAMPDEN.

38 581
87 372

An attorney at law is not permitted to disclose the communications made to him by his client, without his consent.

And declarations made to an attorney with reference to his employment in the cause fall under the same privilege, although the attorney declines the engagement.

The declarations of a person, competent to be a witness, assigning the reasons for not doing a certain act, are no part of the *res gestæ*, and inadmissible.

Where an action was commenced and referred to referees, and their proceedings were set aside as void, in a subsequent suit for the same cause, the records of the proceedings under the referees are immaterial and may properly be rejected.

The *date* of a writ is *prima facie* evidence of the time it was actually made.

In an action against a town for an injury caused by a defective highway, no interest can be added by the jury to the sum found as damages.

ON EXCEPTIONS from *Nisi Prius*, APPLETON, J., presiding.

CASE, to recover damages for an injury alleged to have been received for want of proper repairs of an highway, which defendants were bound to keep safe and convenient, &c.

The writ was dated Jan'y 2, 1852. The alleged injury was sustained on Jan'y 28, 1846.

The general issue was pleaded, and statute of limitations, with a brief statement of former proceedings and an adjudication thereon.

The matters in the brief statement referred to, are reported in 29 Maine, 70; and in 32 Maine, 78.

After the plaintiff had introduced testimony tending to sustain the action, the defendants called *Joshua Hill*, a Counselor at Law, as a witness, who testified that he had a conversation with plaintiff about this case; *that* it was when he was called upon to act as an attorney in taking a deposition in relation to it; *that* the witness refused to act or be retained by the plaintiff; *that* he could not distinguish what part of the conversation was before, and what after his refusal to be employed; *that* all the conversation was made by plaintiff, to induce him to act as counsel.

The defendants proposed to show by the witness, declarations made by plaintiff at that interview, that the writ in this case was not made until more than six years after the injury complained of.

Objection was made on the ground that he was not obliged to disclose the same, which was sustained by the Court.

The writ was served on April 24, 1852, and the officer who served it, being called by defendants, testified that he was requested by Mr. Briggs, of the law firm of Knowles & Briggs, to call at their office and take the writ, about the last of March or the first of April, 1852, at which time he went there, and Mr. Briggs looked for and procured the writ, excepting the fly leaf which contains the declaration; that it at that time had no declaration; that he did not take it then, but did subsequently. The counsel for defendants then inquired what reason was given by Mr. Briggs at that time, why he should not take the writ, and why he did not take it.

To these inquiries the plaintiff objected and they were ruled out.

The plaintiff called Mr. Knowles, of the firm of Knowles & Briggs, to testify, but objection was made, that having this claim to sue in season, if they had deferred making the writ till after the six years, they would be liable to plaintiff for negligence. He was admitted, and testified that the writ was made on the day of its date.

The records alluded to in the brief statement were put into the case by defendants.

As to them, the Court instructed the jury that they were of no avail, and they would disregard them.

The jury were further instructed that they might determine what damages the plaintiff had sustained, and allow him interest by way of remuneration for the detention of the amount thus found, if they should consider it reasonable.

Defendants requested the instruction, that when the statute of limitations is pleaded, and the writ is served more than six years after the cause of action has accrued, that the mere date of the writ is not sufficient evidence that the

action was commenced, or that the writ was made in season to save said limitation. This was refused.

A verdict was returned for plaintiff, and defendants excepted to the rulings, instructions and refusal.

*Mudgett*, with whom was *Peters*, in support of the exceptions.

1. The declarations made by plaintiff to Hill were not privileged communications. *Jones* v. *Lowell*, 35 Maine, 541; *Barnes* v. *Harris*, 7 Cush. They come not within the rule laid down in those decisions.

But if the communications were made before Hill's refusal to act, they are not within the rule of exclusion. Greenl. Ev. vol. 1, § 237 and 239.

The counselor, to be excused from disclosing, must be actually *employed*. Same vol. § 244; *Foster* v. *Hall*, 12 Pick. 98.

The communication must be made during his employment and *not before*; Buller's N. P. 284; *nor after*; *Cobden* v. *Kendrick*, 4 T. R. 432.

The declarations to Hill are not protected because they were made to a man, who was not and could not be what he tried to make him, his *legal adviser*. *Hutton* v. *Robinson*, 14 Pick. 416; *Bramwell* v. *Lucas*, 2 Barn. & Cress. 745.

The declaration of Briggs should have been admitted as part of the *res gestæ*. Greenl. Ev. vol. 1, § 108. The authorities for this are too numerous to be cited.

3. Knowles was not rightfully admitted to testify. We contend the writ was not seasonably made. If not, Knowles was liable for neglect. His testimony would release himself. The interest was direct. 1 Greenl. Ev. §§ 391, 394, 396.

4. The judgment should not have been ruled out; can a submission once entered into be annulled?

5. The date of the writ ought not to be *prima facie* evidence of the time it was made under this issue; if so, it

works a hardship, for we were not allowed to prove by admissions of the plaintiff that it was wrong.

6. Our objection to the ruling of the Judge upon the matter of interest for detention is, that the statute allows nothing.

*Kent, contra.*

HOWARD, J. — Public policy, and the better administration of justice require, that the professional intercourse between clients and their legal advisers should be free and unconstrained. And to this end, it is regarded so far confidential and privileged, that attorneys, counselors and solicitors are not obliged, nor permitted to disclose it, without the consent of their clients.

The reasons upon which this time honored rule of law is founded, may apply with equal force, where one makes application to counsel for professional services, although the relation of client and attorney, between them, do not, in fact, subsist. As where the latter may not be able to determine, and may not conclude whether to withhold or render his professional aid, until the applicant has disclosed the merits of his case. Then, if he should decline to act professionally in the matter, on account of previous engagements and prior obligations to others, or from necessity or choice, the disclosures and communications thus made should be privileged. As they were committed to him in his professional character, the spirit of the rule would require, that they should not be divulged, without the assent of the party by whom they were made. The protection justly extends to all communications made to legal advisers with a view to obtain professional aid, and in reference to their employment in legal proceedings pending or contemplated, or in any other legitimate professional services. *McLellan* v. *Longfellow,* 32 Maine, 494, and cases there cited and noticed.

It appears, that the plaintiff applied to a counselor of this Court to act as his attorney in this case, and that his

whole conversation with the counselor was with a view to induce him to render professional services, in the prosecution of this suit. The declarations of the plaintiff in that interview, were, therefore, privileged, and were properly excluded.

The reasons given by Briggs, one of the plaintiff's counsel, why the officer should not take the writ for service, on the last of March, or first of April, 1852, formed no part of the transaction to be investigated, and were irrelevant, and were not admissible. And besides, they were, at most, but the declarations of a third person, who was competent to testify in the cause. The reasons why the officer did not take the writ at that time were inadmissible upon the principles stated.

The testimony of Knowles, also of counsel for the plaintiff, was properly admitted. It does not appear that he was interested, or liable, in any event of the suit.

There was nothing in the records offered by the defendants, affecting the rights of the parties in this suit. The proceedings under the reference were invalid, and the suit upon the award, consequently, failed. *Sargent* v. *Hampden*, 29 Maine, 70; *Same* v. *Same*, 32 Maine, 78. The instructions on this point were unobjectionable.

The time when a writ is made with an intention of service, is deemed the commencement of a suit, in respect to the limitations prescribed by the Revised Statutes, c. 146, § 17. In the absence of all evidence to the contrary, a writ is presumed to have been made, when it purports to be dated. The defendants' request was, therefore, properly refused.

The jury were instructed "that they might determine what damages the plaintiff had sustained, and allow him interest, by way of remuneration for the detention of the amount thus found, if they should consider it reasonable." The statute under which the plaintiff proceeds, provides for the recovery for injuries to the person or property, suffered through defects in ways, "the amount of the damage sus-

tained thereby;" but not for probable or speculative loss, nor for detention of damages, as we apprehend. Damages may be assessed according to the injury sustained; and may in some cases include a sum equal to the interest, for detention. As in trespass for taking and converting goods, the measure of damages is, in general, the value of the property at the time of the taking, with interest. And so is the measure of damages in actions of trover. But while it is allowable in those and other cases, to include as damages, a sum equal to interest; yet interest is not recoverable, and cannot be added by the jury to the damage which they have found or assessed. In this case, the plaintiff's claim is restricted, by statute, to " the amount of the damage sustained" from the injury received, as found by the jury.

The instructions on the subject of damages, as stated in the bill of exceptions, cannot be sustained, to their full extent, and on that ground, and that only, the *exceptions are sustained* unless the plaintiff will remit a sum equivalent to the interest.

SHEPLEY, C. J., and TENNEY and HATHAWAY, J. J., concurred.