CASE 63—PETITION EQUITY—NOVEMBER 18.

## McMurtry v. Kentucky Central R. R. Co.

APPEAL FROM HARRISON CHANCERY COURT.

1. INTEREST ON JUDGMENTS.—A judgment for an "injury to the person," whether it arises *ex contractu* or *ex delicto*, does not carry interest.
2. FORM OF ACTION.—One who has been injured through the negligence of a railroad company, while a passenger on a train under a contract with the company to transport him safely, can sue either in *assumpsit* for a breach of the contract, or in *case* for the neglect of a duty based upon the contract; and the plaintiff in this case having such an election of remedies, the court is inclined to the opinion that the facts set forth in his petition as constituting a contract were stated merely as *inducement*, and that the *gravamen* of the action was the tort or violation of duty by the company.
3. RECOVERY OF MONEY PAID UNDER MISTAKE.—One who has, under a mistake of law or fact, without consideration, and not as the result of a compromise, paid to another money which was not owing in law or conscience, may recover it back.

    The appellee having paid interest on a judgment which did not bear interest, is allowed to recover it back.

J. Q. WARD AND L. M. MARTIN FOR APPELLANT.

1. Appellee can not recover the interest paid, even if not due in the first place, the payment being purely voluntary. (City of Louisville v. Anderson, 79 Ky., 334.)

McMurtry v. Kentucky Central R. R. Co.

2. All judgments bear interest in this State except such as are embraced by sec. 6, art. 1, of chap. 60, Gen. Stats.

3. The appellant's action was not for an "injury to the person" within the meaning of the statute. The expression quoted has reference only to actions purely *ex delicto*, where the complaint is for trespass *vi et armis* upon the person. (Dyke v. Erie Railway Co., 45 N. Y., 113; 6 American Rep., 43.)

4. The history of legislation upon the subject shows that it was the intention of the Legislature to allow judgments to bear interest in all actions of contract, express or implied. (Act of 1812, M. & B., vol. 2, p. 855; Act of 1837, Loughborough's Digest, 280; Young v. Pate, 3 J. J. Mar., 100; Gen. Stats., chap. 38, art. 3, sec. 1.)

5. Appellant's action was an action *ex contractu*, and not *ex delicto*. (Walsh v. C., M. & St. P. R. R. Co., 42 Wis., 23; s. c., 14 Am. Rep., 876; Dawson v. L. & N. R. R. Co., MS. Op., February 3, 1885.)

O'HARA & BRYAN FOR APPELLEE.

1. Money paid through a mistake of law or fact, or both, may be recovered back. (Ashbrook v. Watkins, 3 Mon., 82-86; Underwood v. Brockman, 4 Dana, 309; Ray v. Bank of Ky., 3 B. M., 514; Covington v. Powell, 2 Met., 228; Louisville v. Henning, 1 Bush, 383.)

2. A judgment for injury to the person does not bear interest. (Gen. Stats., chap. 60, art. 1, sec. 6.)

3. Appellant's action was for an injury to the person, and not an action *ex contractu*.

HARGIS & EASTIN ON SAME SIDE.

1. Appellant's action was not in contract, but in tort. It is *the substance* of the action—the nature of the relief sought—that fixes its character. (Chitty on Pleading, p. 394, 16 Am. ed.; Addison on Torts, note 1 to section 27; Hutchinson on Carriers, sections 794-5; Chitty on Pleading, 135; New Orleans, &c., R. R. Co. v. Hurst, 36 Miss., 667; Emigh v. Pittsburgh, Fort Wayne, &c., R. R. Co., 4 Bissell, 115.)

2. Even if appellant's action be considered an action upon a contract, he was not entitled to interest upon the judgment, the judgment being for "injury to the person," although based upon the violation of an implied contract. The expression "*tort* to the person," as used in the act of 1837, does not mean the same as the expression "*injury* to the person," as used in the present statute, if the word "tort" is to be confined in its meaning to torts *vi et armis*. (Gen. Stats., chap. 60, art. 1, sec. 6.)

3. Where a party has paid money, believing he was legally bound to do so, but when he was not *in fact* so bound, and the payment was without consideration, and made only because of the supposed legal obligation to pay, the right to recover back is clear. (Underwood v. Brockman, .

&c., 4 Dana, 309; Ray & Thornton v. Bank of Ky., 3 B. Mon., 513; City of Covington v. Powell, 2 Met., 228; City of Louisville v. Henning & Speed, 1 Bush, 381.)

The cases of City of Louisville v. Zanone, 1 Met., 153; City of Louisville v. Anderson, 79 Ky., 334, distinguished from this case.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The appellant, Frank McMurtry, obtained a judgment against the Kentucky Central Railroad Company for a personal injury resulting from the negligence of its employes in the management of one of its trains, upon which he was a passenger. His attorney asked the company, by letter, if it desired to pay it without an execution, offering in such an event to furnish a statement of the amount. An affirmative answer being returned, he did so, and in it embraced interest upon the judgment from the date of its rendition, amounting to $1,491.06. By its terms the judgment did not bear interest. Payment being delayed, the attorney again notified the company, by letter, that an execution would issue in the event of non-payment, and thereupon payment was made in accordance with the statement. It now seeks to recover back the interest upon the ground that it was paid through mistake of law.

If the appellant, McMurtry, had no right to it, and payment was made by the company under a mistaken belief to the contrary, then, upon the facts presented, neither good morals or law sanction its retention by him. It is clear that it was not the result of a compromise of a doubtful claim, nor was there any agreement to pay interest in consideration of a delay of execution. Where the parties regard a question of either law or

fact as doubtful, and to avoid litigation, and by way of compromise, payment is made, then no recovery can be had; but in the case now before us no question was raised at the time as to the right of the claimant to interest; and if, in fact, he was not entitled to it, then it is manifest that it was paid under a mistake of law, and without consideration; and not being due either in law or conscience, the law will not allow him to retain it. This rule is so well settled in this State that it is no longer a question whether a recovery can be had where money has been paid, without consideration, either under a mistake of law or fact, and which was not owing in law or conscience, nor the result of compromise. (Underwood v. Brockman, &c., 4 Dana, 310; Ray, &c., v. Bank of Kentucky, 3 B. M., 513; City of Covington v. Powell, 2 Met., 228; City of Louisville v. Henning & Speed, 1 Bush, 383.)

The question raised *in limine* being disposed of, we will now consider the main one in the case, and which involves the construction of a statute not hitherto considered by this court.

Section 6, chapter 60, of the General Statutes, provides: "A judgment, except for malicious prosecution, libel, slander or injury to the person, shall bear legal interest from its date."

It is urged that this action is one *ex contractu*, and not *ex delicto;* and that the words in the statute, "*injury to the person*," should be confined to those purely of the latter class, or where the complaint is for trespass *vi et armis*. In view of our opinion upon this point, it is unnecessary to determine the character of the action in which the judgment was obtained. As distinguished

counsel, however, have discussed it elaborately, we will notice it briefly. The inquiry would be whether the averments of the petition constitute an action *ex contractu* for a breach of the contract to transport the passenger safely, or one *ex delicto* for a violation of its duty as a common carrier.

It is often difficult to determine, by the averments of a petition, whether, under the common law system of pleading, the action would have been classed as in *assumpsit* or in *case*. The line often becomes quite shadowy. The one must, and the other may, arise out of a contract.

In the first named character of action, the promise is the gist of it; while in the other, the neglect of duty is the *gravamen* of the claim. In either form of action, the right of the one party and the liability of the other is based upon the contract. The duty owing arises from it, and the obligation for the breach of which the party may complain rests upon it.

An action upon the *case*, in its broadest meaning, included *assumpsit*, as well as an action in form *ex delicto*. More generality in pleading was allowed in it than in other forms of action.

Chitty on Pleadings, vol. 1, page 152, says: " Where, from a given state of facts, the law raises a legal obligation to do a particular act, and there is a breach of that obligation, and a consequential damage, there, although assumpsit may be maintainable upon a promise implied by law to do the act, still an action on the case founded in tort is the more proper form of action, in which the plaintiff in his declaration states the facts out of which the legal obligation arises, the obligation itself, the

breach of it, and the damage resulting from that breach.''

In Hutchinson on Carriers, section 794, it is said: ''In many cases the contract is stated as the inducement or consideration from which the duty results, the breach or neglect of which is complained of, and the tort or wrong arising from such breach or neglect of duty is the *gravamen* of the action. In such cases the action will be treated as in case and not in assumpsit.''

Under our present system of pleading, however, the *substance* of the pleading, and not its *form*, must determine the character of the action. Here, the injured party had a choice of remedies. He could sue either in the form of *assumpsit* for a breach of the contract, or in *case* for the neglect of a duty based upon the contract; and while it is not free from doubt, yet we incline to the opinion that the *gravamen* of the action was the tort or violation of duty by the company; and that so much of the petition as sets forth facts constituting a contract were stated merely as *inducement*, and to show that the appellant was where he had a right to be when he was injured; or at least that such is their legal effect. We are sustained in this view by the fact that the petition contains a second paragraph, identical with the first, save it seeks the recovery of punitive damages by averring that the injury was caused by the gross negligence of those in charge of the train. Such damages, of course, could not be recovered in an action for the breach of a contract; and while the recovery was, after the evidence had been heard, confined to compensatory damages, yet it is evident that it was not restricted to the damages that

had been suffered up to the time of the judgment; but that it included not only damages for the physical and mental suffering that had been endured, but for the permanent "injury to the person."

But granting that the action was *ex contractu*, does it follow that the judgment should have carried interest? We think not. The statute prohibits it, where it is for an "injury to the person," whether arising *ex contractu* or *ex delicto*. Both forms of action are alike for the personal injury. The language is plain, and we see no reason for restricting it to cases of tort. In fact, the history of the country shows to our mind that it was not so intended. It is urged that this is not true; and that, upon the contrary, it shows that the word "injury" as used is synonymous with the word "tort." Let us see.

At common law, judgments do not carry interest. The first innovation upon this rule was the act of 1812 (2 M. & B. Statutes, p. 855), by which it was provided that if the collection of a judgment for money, founded upon contract, was delayed by proceedings by the defendant, and then affirmed, it should bear interest from the time of its rendition. This law was construed in Young v. Pate, 3 J. J. M., 100, to apply to all judgments save those arising *ex delicto*. Thus the law remained until 1837 (3 vol. Loughborough's Statutes, p. 280), when the Legislature provided that all judgments should bear interest save in "actions of malicious prosecutions, libel and slander, and actions of *tort* to the person." This was the rule until the adoption of the Revised Statutes (vol. 2, p. 65) in 1852. During this interval, railroads had been built in the State,

thereby creating a fruitful source of personal injuries, both *ex contractu* and *ex delicto*.     The law was then changed thus: "A judgment, except for malicious prosecution, libel, slander, or *injury to the person*, and a decree, shall bear legal interest from its date;" and this has been the rule ever since.

We fail to see any reason why the word "injury" in the present law should be restricted in meaning, and held equivalent to the word "tort," as used in the act of 1837.     The legislation on the subject, taken according to its plain language, seems consistent with the progress of invention, and the consequent liability to personal injury; and even if this were not so, yet the language of the law is too plain to admit of such a construction.     The Legislature meant something by the use of the words "injury to the person" in the present law, instead of the word "tort," as they found it in the then existing statute.     The latter word was the proper one to use if they intended no change.

It is also urged that the words "injury to the person" should be restricted to injuries *vi et armis*, because in such cases the law, by a *capias ad satisfaciendum*, affords a summary way of enforcement; that there is, therefore, a reason for not allowing interest; and that the one provision of the statute should be considered in construing the other.     This argument, however, fails, because a judgment for a trespass to property carries interest, and yet the statute allows a *capias* for its enforcement.     If the Legislature had intended merely to provide that a judgment for a personal injury *vi et armis* should not bear interest, they could easily have said so in unmistakable language.

If they intended only to say that a judgment for a tort should not carry it, why did they alter the language of the then existing law, which was brief and expressive.

Our conclusion is, that the statute means what it so plainly says, that no judgment for an "injury to the person," whether it arise *ex contractu* or *ex delicto,* carries interest.

Judgment affirmed.