Ratteree *vs.* Chapman.

## RATTEREE *vs.* CHAPMAN.

1. In an action for assault and battery, if it was sought to prove that the plaintiff was a " low and vile woman," this could not be done by proof of specific acts of adultery, but by proof of general bad character.

(a) This court is not satisfied that the presiding judge erred, if he saw that a youth of tender years was being asked questions as to the adultery of his mother, in interposing and protecting him.

2. Although the declaration in this case did not charge in terms that the injuries were permanent, yet from allegations therein, it might properly be so construed, and evidence as to the permanency of the injury having been admitted, without objection, there was no error in charging on that subject. In such a case, the plaintiff should not be held strictly to the *allegata,* and after verdict, such a charge will not furnish a ground for a new trial. On objection, the declaration could have been amended.

3. Where, to an action for assault and battery, the only plea filed was that of the general issue, the jury could not consider the question of justification.

(a) The charge complained of gave the defendant all the rights he was entitled to, and perhaps more, as it instructed the jury that they might take into consideration, in mitigation of damages, whether the plaintiff used to the defendant opprobrious words and abusive language, or whether the plaintiff made the first assault upon the defendant.

4. Under the law of this State, in actions for torts, when there are aggravating circumstances, the jury may give additional damages either to deter the wrong-doer from repeating the trespass or as compensation for the wounded feelings of the plaintiff; but it is error to charge that the jury might consider whether justice and the public good required additional damages, not only to deter the defendant from repeating the trespass, but to deter others from the commission of like offences.

5. The sixth ground of the motion for a new trial has been disposed of by preceding rulings.

6. In a case of tort, when the law allows the recovery of exemplary damages, the allowance of which and the amount thereof is entirely in the discretion of the jury, it is error to charge that interest may be computed on the sum awarded by them.

October 21, 1887.

Evidence. Assault and Battery. Adultery. Witness. *Allegata* and *Probata.* Pleadings. Justification. Dam-

ages. Interest. Before Judge VAN EPPS. City Court of Atlanta. December Term, 1886.

The plaintiff's declaration alleged that she went to the house of a tenant of defendant, where she spent a night; that, on the next morning, while sitting before the fire there, the defendant came in, " and after abusing and cursing her for everything he could think of, did maliciously . . commit an assault and battery upon her; that he knocked her over the head with a stick which he held in his hand; that he choked her severely and took her by the hair, pulling and dragging her about, and in doing so pulled from her head a large quantity of her hair, and besides, tore her dress and clothing; that from said lick on her head she has suffered and is still suffering great pain; that the severe choking and hair pulling caused her much pain; that from said injuries she has been totally incapacitated ever since to perform any work or labor of any kind; that her services are worth . . $25 per month; and that in consequence of her inability to earn a living, caused by the injuries aforesaid, she has been a burden upon her friends and dependent entirely upon their charity for the necessaries to sustain life." Wherefore, she alleged, the defendant had damaged her $5,000.

On the trial, the evidence was conflicting, the plaintiff giving, in detail, an account of the occurrence that would fully support her allegations, and introducing two witnessses who testified as to the injuries she sustained. The defendant and a number of other witnesses gave a materially different account, tending to show that he went to the house, told the plaintiff he was surprised to see her there after having sworn against him as she did (in a former case), ordered her to leave the premises as soon as the rain, which was falling, ceased, and then started to go out; that as he reached the door, the plaintiff jumped after him, spoke to him with a foul epithet and tried to push him out; that he caught by the door-facing, turned and put his

hand against her to push her back, when she caught him by the hair and beard, and a struggle ensued; and that he did not pull her hair, choke her, tear her clothing nor hit her with any stick. The remainder of the voluminous and contradictory evidence it is unnecessary to set out here.

The jury found for the plaintiff $700. The defendant moved for a new trial on the following among other grounds:

(1) Because the verdict was contrary to law and evidence.

(2) Because the court refused to allow General Alexander, a witness for defendant, about fourteen years old, to answer the question, " State whether or not you have seen other men with your mother." Counsel for defendant stated that he desired to show, by this witness, that the plaintiff was a low and vile woman. The court excluded the evidence because " a child of tender years, in a suit in favor of its own mother against its putative father, ought not, on grounds of public policy, to be admitted to testify to facts degrading the mother, as testimony by the child could not, in the nature of the case, go back of the act of the father which degraded the mother."

(3) Because the court erred in stating, in the opening of his charge to the jury, that " she says . . . that her injuries are permanent."—The objection was that the declaration contained no such allegation.

(4), (5) (These grounds are fully set out in the third and fourth divisions of the decision.)

(6) Because of certain instructions of the court on the subject of damages for permanent injuries,—the objection being the same as in the third ground   The court certified, referring to the brief of evidence, that much evidence as to permanency of injuries was introduced, without objection.

(7) (Sufficiently stated in the sixth head of decision.)

The motion was overruled, and the defendant excepted.

N. J. & T. A. HAMMOND, for plaintiff in error.

GARTRELL & LADSON, for defendant.

SIMMONS, Justice.

Sarah A. Chapman brought suit against Alexander Ratteree for damages alleged to have been sustained by her, for an assault and battery committed on her person by the defendant, Ratteree. On the trial of the case, the jury returned a verdict in favor of the plaintiff for damages. The defendant made a motion for new trial on the several grounds contained therein. The court overruled the motion upon each and all the grounds, and the defendant excepted to this judgment overruling the motion, and assigned the same as error.

1. We see no error in excluding the answer of the witness, Alexander, to the question asked him about his mother. The counsel admitted, in answer to the court, that it was for the purpose of proving her to be " a low and vile woman." If that was the purpose, it could not be done by proof of specific acts of adultery, but by proof of general bad character. We are not satisfied that the ground the judge put the exclusion of it on is not good also. The witness was a youth of tender years, not perhaps knowing, or capable of properly considering, the effect of an affirmative answer to the question. The judge may have been right in protecting him. We put our decision, however, on the other ground. See, on this subject, 60 *Ga.* 509.

2. We see no error in the third ground of the motion. While the declaration does not charge in words that the injuries were permanent, yet from the allegation therein, it might properly be so construed. Evidence as to the injuries being permanent was admitted without objection. " If proof be allowed to go to the jury, without objection, outside of those alleged, we hardly think that the plaintiff should be held strictly to the *allegata*, no objection hav-

ing been made to the admission of the evidence, and no motion to rule it out. The reason is obvious after verdict, because by amendment the declaration could have been amended, so as to cover the omitted allegation." *Savannah, Florida & Western Railway vs. Barber*, 71 *Ga.* 648 ; *Howard vs. Barrett*, 52 *Id.* 15 ; *Field vs. Martin*, 49 *Id.* 268. As the case will be sent back for a new trial, this allegation can be made by amendment, if counsel so desire.

3. Error is assigned in the fourth ground, because the court charged the jury as follows : "No special plea of justification is filed; that is, no plea by the defendant admitting use of the violence alleged in the declaration, and justifying it by saying that the plaintiff provoked the assault by the use of opprobrious words or abusive language, or that the plaintiff was the aggressor and made the first assault, andthat the defendant used such force in self-defence. Had the defendant desired to show a justification of the matters charged, it is incumbent on him to specially plead it. Having failed to do so, he impliedly admits, if the jury shall find from the evidence that he committed an assault and battery in the manner and form as alleged, that it was done not under circumstances of legal justification. But the defendant insists that he did not use any positive or aggressive force toward the plaintiff, or harmful violence upon her person at all ; that she made an assault upon him, and that he only used such force as was necessary to escape out of her hands ; that is, he denies that he committed any assault and battery upon her whatever. These constitute the issues you are to try and determine by your verdict. The court instructs the jury that, under the pleadings in this case, the only question for the jury to determine is, whether the defendant committed an assault and battery upon the person of the plaintiff, as charged in the declaration. And if you find from the evidence that the defendant committed the assault and battery complained of, it cannot be claimed as a justification of such assault by the defendant, in the absence of a plea of justi-

fication, that the plaintiff made the first assault or used offensive language to defendant which provoked him to it. Under the pleadings here, if the plaintiff used opprobrious words and abusive language to the defendant, or if she made the first assault upon him, evidence of either or both of these facts might be considered in mitigation of damages, but could not be received by the jury in complete justification of the defendant's act.    The verdict should still be for the plaintiff, if the defendant committed an assault and battery upon her as charged, but the amount of her recovery should be lessened by the jury, if the evidence discloses that the defendant acted under provocation."

The charges in this ground are objected to, because: "(1) there being no plea of justification, all said on that subject was irrelevant and misleading; (2) if the plaintiff assaulted defendant, and defendant beat her simply in defending himself, he would not have been liable, and the verdict should have been, in that event, for the defendant; but under the charge, the jury were bound to find for the plaintiff, though she abused and unlawfully beat defendant first, and though his beating of her, under those circumstances, may have been lawful; the court erred in confining the jury to diminishing damages in that event."

We do not think the court erred in giving this charge. The declaration alleged that the defendant had committed an assault and battery upon her person.    He filed the plea of not guilty, or the general issue.    The issue that this plea raised was a denial of the allegations in the declaration; that is, that he did not unlawfully assault and beat her.    "Under this plea he could only give in evidence matter which directly controverts the fact of his having committed the acts complained of."    1 Chitty on Pleading, p. 534.    In a case somewhat similar to this, this court held, that it was not error in the court to charge the jury that they could not consider the fact of justification under the plea of the general issue.    *Kerwich vs. Steelman*, 44 *Ga.* 197.    See also, code, §3458; 1 Hilliard on Torts, 192;

2 Greenleaf Ev. §§92, 98 and 274.   We think that in this part of the charge, taken altogether, the court gave the defendant all the rights he was entitled to under the law, perhaps more, as he charged the jury that they might take into consideration whether the plaintiff used to the defendant opprobrious words and abusive language, or whether the plaintiff made the first assault upon the defendant, in mitigation of damages.   It is held in several cases that this cannot be done under the plea of not guilty.   See 1 Hilliard on Torts, p. 192.

4. The fifth ground of the motion for new trial is as follows: "5th. The court erred in the sixth part of said charge, in using this language: 'And in this case, if you believe from the evidence that the defendant, without provocation, assaulted and beat the plaintiff, as charged in the declaration, and that such assault was a malicious, wanton and aggravated one, and if the jury further believe from the evidence that justice and the public good require it, then the law is, that the jury are not confined in their verdict to the actual damage proved, but they may give exemplary damages, not only as compensation for the wounded feelings of the plaintiff, but to punish the defendant, and to deter others from the commission of like offences.'   It was error, because the jury had nothing to do with 'public good' and had no right to so punish defendant by their verdict as to 'deter others' than the defendant 'from the commission of like offences.'"

We think the exception made to this charge is well taken.   Whatever may have been the dispute amongst text writers and courts heretofore, as to this question under consideration, the legislature has settled it in this State. It declares that "in torts, when there are aggravating circumstances, the jury may give additional damages, either to deter the wrong-doer from repeating the trespass, or as compensation for the wounded feelings of the plaintiff." The judge in his charge did not confine the jury to the object set out in the code, but allowed them to consider

whether "justice and the public good" required additional damages, not only to deter the defendant from hereafter repeating the trespass, but "to deter others from the commission of like offences." In our opinion this was putting a heavier burden on the defendant than our law authorizes. In *Crockett vs. Crockett*, 73 *Ga.* 647, this court reversed the court below upon a similar ground to this, and said: "It is best that the law of the case, when expressed in the code, be given as expressed, in charge to the jury."

5. We have disposed of the errors complained of in the sixth ground, in considering the same question in our remarks on the third ground of the motion.

6. Error is assigned in the seventh ground, because the court instructed the jury that if they saw proper, "they might allow interest on the sum awarded, at seven per cent. per annum from the time of the injury to the present." We think this was error. In a case of tort, when the law allows the recovery of exemplary damages, the allowance of which and the amount thereof being entirely in the discretion of the jury, we do not think that the law contemplates or will allow interest to be computed on the sum awarded by them.

Judgment reversed.