Louisville and Nashville Railroad Company v. Sharp.

CASE 77—PETITION ORDINARY—APRIL 5.

# Louisville and Nashville Railroad Company v. Sharp.

### APPEAL FROM TAYLOR CIRCUIT COURT.

1. SUPERSEDEAS—RIGHT TO INTEREST AS DAMAGES.—Where a judgment for money which was superseded did not bear interest, the plaintiff .in an action on the supersedeas bond is not entitled to interest by way of damages. He is entitled as damages to nothing more than the ten per cent. allowed by the appellate court pursuant to section 764 of the Civil Code.

2. A STATUTE WILL NOT BE CONSTRUED AS RETROSPECTIVE IN ITS OPERATION, unless there be something in the nature of the case, or the language used, showing that it was so intended.

   Where a statute providing that "a judgment shall bear legal interest from its date" expressly excepted a certain class of judgments, an amendment to the statute by striking out the exception did not operate retrospectively, and did not, therefore, confer upon the court power to amend a judgment rendered prior to the statute so as to make it bear interest.

JOHN McCHORD FOR APPELLANT.

1. Where a judgment which does not bear interest is superseded, the plaintiff is not entitled, upon the affirmance of the judgment, to interest *as damages*.

2. The statute allowing interest on judgments for personal injuries is not retrospective. (Cooley's Const. Limit., 370; C. & O. R. Co. v. Washington County, 10 Bush, 574; 2 Duv., 480; 1 J. J. M., 284.)

WM. E. RUSSELL FOR APPELLEE.

1. Appellee is entitled to interest as damages.

2. Plaintiff's motion for judgment for interest *nunc pro tunc* should have been sustained. The statute denying the right to interest on judgments for injury to the person does not apply to railroads. (Gen. Stats., chap. 60, art. 1, sec. 6; *Idem*, art. 3, sec. 1.)

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

In 1881, the appellee, Thomas G. Sharp, recovered a

judgment against the appellee for eight hundred dollars for a personal injury.

The statute then in force provided: "A judgment, except for malicious prosecution, libel, slander, or *injury to the person*, shall bear legal interest from its date." (General Statutes, chapter 60, section 6.)

This judgment did not, therefore, bear interest, and was so entered. The appellant appealed, and superseded it. The bond is of the usual form. It stipulates: "The appellant will pay to the appellee all costs and damages that may be adjudged against the appellant on the appeal; also that they will satisfy and perform the judgment above stated (for eight hundred dollars damages), in case it shall be affirmed, and any judgment or order, which the Court of Appeals may render, or order to be rendered, by the inferior court not exceeding in amount or value the judgment aforesaid (and also pay all rents, hire or damage, which, during the pendency of the appeal, may accrue on any part of the property of which the appellee is kept out of possession by reason of the appeal)."

The portion of the bond in parenthesis was doubtless inserted by the draftsman, because it is given in the form to be found in the Civil Code; but it is there stated that it is only to be added if the appellee will be kept out of the use or possession of property; and it was not a proper or necessary stipulation of the bond in this case, the judgment superseded being only for money. The form was intended for all cases, whether a delay in the payment of money or

the delivery of property resulted from the super-sedeas.

The judgment was affirmed in 1889 by a divided court, and the appellee allowed ten *per centum* dam-ages. He refused to accept the eight hundred dol-lars, together with the ten *per centum* damages and his costs, in satisfaction of the judgment, and brought this action upon the appeal bond to recover damages for being kept out of his money. His pleadings clearly show that he seeks to recover damages in lieu of in-terest upon the judgment, and whether he is entitled to it is the question before us.

After the mandate of this court had been filed in the lower court, showing the affirmance of the judg-ment, the appellee, on October 15, 1889, and after the two actions had been consolidated, entered a motion in the old suit to allow him, *nunc pro tunc*, interest upon his judgment from the time of its rendition in the lower court. This was properly refused.

The Legislature, on March 1, 1888, amended the stat-ute above cited by striking out the words "except for malicious prosecution, libel, slander, or injury to the person;" but this amendment is not retrospective in its terms, and there is nothing evidencing any legis-lative intention that it was to be so regarded. It is a rule that no statute will be so construed unless there be something in the nature of the case, or the language used, showing that it was so intended by the law-making power. Unless this appear, new statutes will be held to apply only to future cases.

Judge Cooley says: "There is no doubt of the right of the Legislature to pass statutes which reach back

to and change or modify the effect of prior transactions, provided retrospective laws are not forbidden *eo nomine* by the State Constitution; and provided further, that no other objection exists to them than their retrospective character. Nevertheless, legislation of this character is exceedingly liable to abuse, and it is a sound rule of construction that a statute should have a prospective operation only, unless its terms show clearly a legislative intention that it should operate retrospectively." (Cooley's Con. Lim., page 370.

The counsel for the appellee needlessly complains in the pleadings that this court, in affirming the judgment, delivered no opinion. He cites the statute which says: "The court must deliver written opinions in all cases." We by no means claim never to err in opinion. It might be well for the experienced counsel, even as to himself, to recollect that it has been said *aliquando bonus dormitat Homerus*. We do not see, however, how *the court* could deliver a written opinion when its members are equally divided in their views. It has not been the usual practice to do so in such cases, and we do not think there was any failure of duty in this respect.

Section 748 of the Civil Code provides: "A supersedeas shall not be issued until the appellant causes to be executed before the clerk of the court which rendered the judgment, or the Clerk of the Court of Appeals, by one or more sufficient sureties, to be approved by such clerk, a bond to the effect that the appellant shall pay to appellee all costs and damages that shall be adjudged against the appellant on the

appeal; also that he will satisfy and perform the judgment appealed from, if it should be affirmed, and any judgment or order which the Court of Appeals may render, or order to be rendered by the inferior court, not exceeding in amount or value the original judgment, and all rents, or hire, or damages to property, during the pendency of the appeal, of which the appellee is kept out of possession by reason of the appeal."

This provision requires an appellant, in a case like this one, to give a bond stipulating that he shall pay to the appellee all costs and damages that shall be adjudged against him on the appeal, and satisfy the judgment appealed from, if affirmed, and any judgment this court may render, or order to be rendered by the inferior court, not exceeding in amount or value the original judgment.

The further provision in the section as to rents, hire or damages to property was not intended to apply to a judgment merely for money. In fact, another provision of the Code (section 764) expressly says: "Upon the affirmance of or the dismissal of an appeal from a judgment for the payment of money, the collection of which, in whole or part, has been superseded, as provided in chapter 2 of this title, ten *per cent.* damages on the amount superseded shall be awarded against the appellant."

The law fixes in this character of a case what the appellee is entitled to as damages upon an affirmance of a superseded judgment. It has defined and limited the meaning of the word "damages," as used in the section of the Code directing what character of a bond

shall be executed. The words of the bond, were it necessary, would be so construed as to limit them to the requirements of the law. He gets his judgment in the lower court, and ten *per centum* damages thereon; also his costs. When the appellant has paid these sums he has not only complied with the law, but all the provisions of his bond. Both the terms of the contract and the law have then been fulfilled.

As the judgment did not bear interest, and could not, by law, be made to do so, the appellee can not recover it by way of damages in an action upon the bond. It stipulated for the payment of the judgment if affirmed, and it therefore covenanted for the payment of the eight hundred dollars without interest. This court, in the order of affirmance, determined what the appellee was entitled to as damages, and it embraced all that either the law or the covenants of the bond allowed. This conclusion renders it unnecessary to consider the cross-appeal of the appellee, based upon the fact that the lower court, while it allowed as damages interest upon the eight hundred dollars up to the date of the judgment in this action, did not give any interest thereafter; and the judgment is reversed, with directions to dismiss the action.