B. F. PENNY v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 28 March, 1913.)

1. Negligence — Issues — Instructions — Former Opinion — Duty of Trial Judge—Appeal and Error.

In this case, on a former appeal, it was held by this Court that the only negligence which could be inferred from the evidence was that of defendant's conductor. Upon this appeal the evidence set out in the record is substantially the same as on the former trial, and the judge presiding submitted an issue, which was not answered by the jury, as to negligence, on the part of another of defendant's employees, its baggage master, concerning which it was formerly decided there was no evidence. By the language of the charge the judge confused the alleged negligence of the baggage master under the first issue with that of the conductor: *Held*, the submission of the second issue and confusing under the first issue principles of law relating to negligence on the part of the baggage master was reversible error, and that the trial judge should have followed the decision on the former appeal.

2. Judgments—Personal Injury—Interest Allowable—Discretion of Jury.

Interest on a judgment for damages for a personal injury from the time it is negligently caused is not allowable, even in the discretion of the jury. Interest runs from the time the judgment is rendered in such cases.

HOKE, J., concurring; CLARK, C. J., dissenting.

APPEAL from *Carter, J.,* at September Term, 1912, of NEW HANOVER.

Civil action. These issues were submitted to the jury:

1. Was the defendant guilty of negligence in respect to the conduct of the conductor, Carmon, which was a proximate cause of the plaintiff's injury, as alleged in the complaint? Answer: Yes.

2. Was the defendant guilty of negligence in respect of the conduct of Van Amringe, the baggage master, which was a proximate cause of the plaintiff's injury, as alleged in the complaint? Answer: ........

3. Did the plaintiff, by his own negligence, contribute to his own injury, as alleged in the answer? Answer: No.

4. What damage, if any, is plaintiff entitled to recover? Answer: Six thousand dollars, with 6 per cent interest from date of his injury.

From the judgment rendered, the defendant appealed.

*E. K. Bryan, M. Bellamy, and A. J. Marshall for plaintiff.*
*George B. Elliott, George Rountree, and Davis & Davis for defendant.*

BROWN, J. This case was before us at a former term, 153 N. C., 298, and the facts are fully stated in the opinion of the Court. It is unnecessary to restate them. The evidence set out in the present record is substantially the same as on the former trial.

His Honor saw fit to submit issues different from the usual issues in personal injury cases and different from those submitted on the former trial.

The submission of the second issue, relating to the conduct of Van Amringe, although unanswered, was calculated to mislead the jury and draw their attention to a matter which the opinion of this Court held not to bear on the liability of the defendant.

In the former opinion (153 N. C., 298), this Court specifically held that there was no evidence of negligence upon the part of Van Amringe, the baggage master; that there is no evidence that Van Amringe knew of or had reason to believe that LaMotte borrowed the pistol for an unlawful purpose. We held that "the act of Van Amringe in lending the pistol to LaMotte was not the proximate cause of the injury to plaintiff, which was caused by a stray bullet fired from Calloway's pistol." We further said: "There is, in legal parlance, no direct causal connection between the act of Van Amringe in loaning the pistol and the unforeseen accidental injury to plaintiff by Calloway."

We held then, and we hold now, that there is some evidence of negligence offered by plaintiff upon the part of the conductor, Carmon, which should be submitted to the jury, and therefore the motion to nonsuit was properly denied.

But there is no evidence that any other employee of defendant upon that train was guilty of negligence and could have prevented the injury to plaintiff and failed to do it. The case is properly made to turn on the conduct of Carmon.

Nevertheless, and notwithstanding our former opinion, his Honor saw fit to charge the jury as follows: "If the jury find from the evidence, by its greater weight, that the employees of the defendant, *or either of them,* could by the exercise of the highest degree of practical care and human foresight, after they discovered a shooting was about to take place at its station, have prevented the plaintiff from being injured, even though the defendant's employees did not bring on the difficulty, and the jury shall further find that the failure to exercise such care and foresight was the proximate cause of the plaintiff's injury, then the jury should answer the first issue 'Yes.' "

The first issue properly confines the negligence upon which plaintiff's cause of action depends to the conduct of Carmon; yet his Honor, by inserting in his charge the words "or either of them" plainly permitted the jury to consider and pass on the conduct of Van Amringe and every other employee on the train, under that issue. This was in contradiction, not only of the former opinion of this Court, but at variance with the issue as submitted and formulated by the judge. This was error.

His Honor further charged that, "The plaintiff further contends that LaMotte was in the wrong, and the plaintiff contends that Van Amringe had no reasonable ground to believe that LaMotte was in the right; and the plaintiff contends that Van Amringe did not act with reasonable prudence in handing the pistol to an enraged man without knowing whether there was any occasion for him to have a pistol."

A considerable portion of his Honor's elaborate remarks to the jury relates to the alleged negligence of Van Amringe, and thus he injected into the case an element of negligence which we had held was foreign to it. This was highly injurious to defendant and was calculated to mislead the jury.

It is the duty of a trial judge to follow the decisions of the appellate court, especially when made in the cause he is trying, whether he approves them or not.

His Honor instructed the jury that they could, if they saw fit, allow interest on the damages from the date of the accident, which occurred on 18 September, 1898. We are unable to find any authority in text-books or decided cases sustaining such ruling.

In reference to damages for personal injuries it has been uniformly and repeatedly held that the jury may not allow interest. It is different in respect to torts committed in the destruction of property, and for very good reasons. *Harper v. R. R., ante,* 451, and cases cited.

The Am. and Eng. Enc. states the rule to be that interest is not recoverable on the damages awarded in actions for torts to the person, because the damages in such cases are in large measure discretionary with the jury and are not ascertainable with reference to a pecuniary standard. Vol. 16, p. 1032, citing many cases from Maine, New York, Pennsylvania, Tennessee, Texas, Utah, Georgia, and other appellate courts. *Washington R. R. Co. v. Harmon,* 147 U. S., 571; *McMustry v. R. R.,* 84 Ky., 462; *Louisville R. R. v. Sharpe,* 91 Ky., 411. To the same effect is 22 Cyc., p. 1500.

The universal principle deduced from all the precedents is that a personal injury does not create a debt and does not become one until it is judicially ascertained, and that it is error for the court to tell the jury that they may allow interest on the damages awarded. We do not find a single dissenting case to that proposition. The following additional cases fully sustain it: *Sergeant v. 'Hampden,* 38 Me., 581; *Ratteree v. Chapman,* 79 Ga., 574, 4 S. E., 684; *R. R. v. Young,* 81 Ga., 397, 7 S. E., 912; *R. R. v. Wallace,* 14 L. R. A., 548 (Tenn.), 15 S. W.; *Texas, etc., R. Co. v. Carr,* 43 S. W., 18, 91 Tex., 332; *Costello v. D. C.,* 21 D. C., 508; *E. T. and H. K. Ida. v. Boston and Maine R. R.,* 74 A., 401 (Vt., 1909); *Jacobson v. Gypsum Co.,* 130 N. W., 122 (Ia., 1911); *Cochran v. Boston,* 97 N. E., 1100, 211 Mass., 171; *Ill. Cent. R. R. v. Read,* 37 Ill., 484.

In the case of *Cochran v. City of Boston, supra,* the latest case on the subject, it is said that interest may not be considered in determining the amount of damages for personal injury, and the reason for the rule is clearly and forcibly stated as follows:

"The rule in substance adopted in these cases is that, while interest is not allowed as matter of right, the time for which the plaintiff has been kept out of the use of his property or the damage occasioned by the wrong of the defendant may be considered and an amount not exceeding the legal rate of interest may be included therefor in the verdict if necessary in order to give adequate compensation. This principle is applicable to cases where there has been a definite injury to specific property. The reason is that stated by *Chief Justice Shaw,* in *Parks v. Boston,* 15 Pick., 198, in laying down the rule for the computation of interest where property is taken by eminent domain. The injury occurs and is finished in its results on a particular day and can then best be ascertained, and exact justice would be done by a contemporaneous determination of the loss. An action for personal injuries is essentially different in its nature. The damages are not complete and ended on the day of the accident, but continue for a greater or less period thereafter.

"The extent and magnitude of the injury are not infrequently unappreciated and incapable of reasonable ascertainment on the day it is received. Its degree of permanence is often deceptive at the first, and commonly the determination of conditions requisite for recovery is materially assisted by the perspective of time. The most helpful aid in learning the nature and degree of actual injury may be events occurring after the event complained of. There is no fixed standard by which the compensation to be awarded can be measured. Its general rules have been stated many times. The sum of money fixed upon must be such as fairly compensates the injured person for the loss of time, the physical pain, and the mental suffering, both that undergone in the past and likely to occur in the future, and also money reasonably expended and to be expended in assuaging pain and in restoration to health. Elements that

are past and also those which are to come must be considered. Most of them are not capable of mathematical computation. They can be settled only by the sound judgment and conscience of the tribunal by which they are assessed, and they are peculiarly within its province. The damages are to be determined, moreover, as of the day of the trial. It is apparent that interest or considerations akin to interest have no place in an inquiry of this sort. Interest is compensation for the use of money which is due. But the money which the wrongdoer is required by law to pay for the future suffering, expense, or loss of time of one whom he has injured is not due until judgment is made up. It is not a debt and does not become a definite obligation until a verdict or finding has been finally entered. It is composed of divers elements, together making up a gross sum, many of which may not have sprung into being on the day when the tort was committed, although directly traceable to it as a cause. If interest were properly chargeable on that which has already accrued, discount should be allowed upon that which relates to the future. Such a method of computing damages would be wholly impracticable. The amount of damages recoverable in actions of this sort, as well as those under certain branches of the employers' liability act and under penal statutes for causing death, is limited to definite amounts. Plainly, no interest can be allowed in instances of maximum injury."

See, also, 3 Sedgwick Dam. (8th Ed.), sec. 481 *et seq.,* and cases cited.

In a very able and elaborate opinion referring to the rule of damage in personal injury cases, the Supreme Court of Tennessee says:

"As this sum in gross includes all the compensation which is requisite to recover for pain, suffering, and disability to date of judgment and prospectively beyond, it is intended to be and is the full measure of recovery, and cannot be supplemented by the new element of damages for the detention of this sum from the date of the injury. The measure of damages being thus fixed, it is expected that in determining it juries and courts will make the sum given in gross a fair and just compensation

and one in full of amount proper to be given when rendered, whether soon or late after the injury; as, if given soon, it looks to continuing suffering and disability, just as, when given late, it concludes that of the past. It is obvious that damages could not be given for pain and suffering and disability experienced on the very day of trial, and then interest added for years before."

In *R. R. v. Young*, 81 Ga., 397, the Supreme Court of Georgia, in a forcible opinion by *Chief Justice Blackley*, says:

"To add interest in discretionary damages is to multiply uncertainty by certainty; the indefinite by the definite; a mixture of incongruous elements which subjects one of the parties to the burden and gives the other the benefit of both kinds. If the time of realizing discretionary damages is to be considered, it should be left as one of the terms of the general problem of damages, unfixed like all the rest of the terms. The rate of interest, as established by law, has no relevancy to the matter. Sums ascertainable only by the enlightened conscience of impartial jurors do not bear interest before verdict, either as interest or as damages, with or without discretionary allowance by the jury."

It is unnecessary to discuss the other assignments of error, as there must be another trial, and the errors complained of may not occur again.

New trial.

HOKE, J., concurring: I think there should be a new trial of the cause by reason of misdirection of the court on the first issue. His Honor, being in doubt as to how far the former rulings of the Court were an estoppel in the present trial, and with a view of developing the entire facts, in the laudable endeavor, no doubt, to make an end of a protracted litigation, submitted the question of defendant's responsibility on two issues, one having reference to the conduct of Carmon, the conductor, and the second to that of Van Amringe, the baggage master. In charging the jury on the first issue, that referring to Carmon, he permitted the jury to consider the conduct of any other employee on defendant's train, which would include

the conduct of Van Amringe, and we are, therefore, unable to determine in what aspect of the evidence the responsibility has been fixed on defendant nor what exceptions are open to de-fendant on the record; and this position, too, is in contravention of the former opinion in the cause. This was, no doubt, an inadvertence on the part of his Honor, but it has operated to defendant's prejudice to a degree that, to my mind, constitutes and should be held for reversible error. The authorities, too, favor the position that in actions for personal injuries interest is not a proper element of damages to be allowed.

CLARK, C. J., dissenting: This action began in 1898, and has been pending fifteen years. In that time the plaintiff has recovered four several verdicts; forty-eight jurymen have unanimously decided in his favor and four Superior Court judges, who heard the evidence, and who understood the sur-rounding circumstances attendant upon the trials, have ap-proved their verdicts. There ought now, in all justice, to be an end of this litigation.

It is more than doubtful if the objections which have been found by this Court as to these several trials had been avoided whether the juries would not have returned exactly the same verdicts. In some jurisdictions, whether by constitutional pro-vision or by legislative enactment, it is now forbidden the appellate court to grant more than one new trial. This rule will certainly be more conducive to justice than the present system, as illustrated by a new trial for the fourth time.

After so many verdicts in his favor, and against so powerful and influential an opponent, it would be well to disregard mere technical incorrectness in the charge, or other technical errors in the admission of evidence, since some of these can always be found, as the history of this case shows, in all long trials where a cause is hotly contested. It seems to me that justice requires that technicalities should now be disregarded and that in the interest of justice, after four verdicts in his favor and after fifteen years of litigation, the plaintiff should be allowed to rest upon his hard-earned victory.

R. R. *v.* R. R.

The jury might have estimated the damages as of the time of the injury, have added fifteen years interest and returned a lump sum as their verdict. It would have been better if they had done this. But it ought not to be held for error that the jury showed us the workings of their minds and stated their estimate of the injury at the time of its occurrence and directed that interest from that time to the date when the plaintiff should receive his compensation should be added.

In my opinion, the judgment should be affirmed.