Mrs. Mary BAIRD, Plaintiff,

v.

Loy Everett DINGLER, Defendant.

No. 353.

United States District Court
W. D. North Carolina,
Statesville Division.

Jan. 23, 1959.

Williams & Whisnant, Lenoir, N. C., for plaintiff.

Carpenter & Webb, Charlotte, N. C., for defendant.

WARLICK, District Judge.

This is an action in which plaintiff seeks a recovery for her injuries allegedly brought about by the negligence of the defendant and in which she claims damage in the sum of $25,000. It was originally instituted in the Superior Court of Caldwell County in the Western District of North Carolina, and on the filing of a petition for removal the cause came to this court under the diversity statute, 28 U.S.C. § 1332.

The testimony shows the following facts:

On September 29, 1956, plaintiff was a passenger in an automobile owned and then being operated by her husband on U. S. Highway # 321, traveling in the general direction of Lenoir, County seat of Caldwell County, when such car came to a complete stop so as to permit another automobile at the head of the line of traffic to turn left off Highway # 321, and while so stopped, the Oldsmobile owned by the defendant and being driven by his son, James Campbell Dingler, in the same direction, and at a high and excessive rate of speed, failed to stop, ran into the rear of the automobile in which plaintiff was riding, knocking it into the car just in front, which likewise had stopped on said highway, and striking the automobile with such violence that the front right seat on which plaintiff was seated was thrown off its track, causing her to go forward and following the impact, with the car just to its front, violently threw her backward in such way as to inflict painful, serious and permanent injuries,—from which she was hospitalized for a considerable period of time and incidentally forced her to expend large sums for doctor's bills, hospital expense and the cost of operations, and which left her permanently injured.

The defendant does not question the negligence of his son in the operation of the car, but takes issue with the injuries claimed to have been suffered by plaintiff, and contends that much of the damage about which plaintiff now complains resulted from a prior automobile accident

in which she was involved and from which she sustained serious injuries. He insists further that the injuries proximately arising from the alleged negligence in this case were relatively minor.

On December 9, 1955, plaintiff was a passenger in an automobile which was in collision with another vehicle, in which she suffered a chip fracture of the head of the left femur inside the joint space, and additionally had multiple chip fractures of the upper portion of the acetabulum. She also suffered lacerations and bruises of the face, knees, and elbows. A compromise settlement was made with plaintiff and releases were accordingly executed by her in full satisfaction of the injuries inflicted.

Following her hospitalization and treatment made necessary by the accident of December 9, 1955, plaintiff had virtually recovered, was able to walk, had good range of motion, and accordingly did her customary housework, and worked in her garden and but for a minimal arthritic change in the hip joint, had recovered to the extent that she was only bothered with occasional pain. This was fully shown by the testimony of Dr. Templeton.

Immediately following the wreck from which this case arises plaintiff became unconscious and remained so until the following day. Some passerby carried her to the Caldwell Hospital where it was determined that she had severe bruises on her right shoulder and a large bruise on her left hip, together with multiple lacerations, abrasions and sprains, and was naturally badly shaken up. She remained in the hospital where X-rays were taken for one week,—was then carried to Charlotte where she was further hospitalized,—additional X-rays made, explorations had, and her general condition determined, and finally in the summer of 1958 an operation was performed which resulted in a metal cap being placed over the top of the hip bone, or femur, to take care of the dead bone. Unquestionably these injuries greatly aggravated her existing condition.

### Contentions.

Plaintiff contends that she had virtually recovered from the injuries suffered in the 1955 collision, and that it was not until the second accident that she actually suffered the injuries of which she now complains. That the second blow on the hip joint aggravated the first injury and brought about a deterioration of the head of this bone,—materially affecting the flow of the blood stream, and proximately brought about the operation which required the placing of the metal cap.

On the other hand the defendant contends that much, if not all about which the plaintiff now complains, as being the proximate result of his negligence, actually stems from and is a result of the injuries sustained in the 1955 accident. That X-rays taken on October 26, 1956, within less than one month following her injuries, indicate that the defects therein appearing could not possibly have been a result of the negligence of the defendant, but resulted wholly from the prior automobile accident in which plaintiff admittedly suffered serious and permanent injuries. That the condition of her hip bone as shown by the X-rays made, clearly indicates that it lacked a proper blood supply and that such resulted from such fracture, and that this condition arose from such failure and caused the bone to become dead and resulted in it melting away. That this condition was present prior to and at the time of the accident under investigation and that the injuries received therein did not aggravate this condition.

### Conclusions of Law.

It is obviously a rather difficult sort of thing to actually determine where recovery should begin in this controversy or where compensation made in the 1955 accident ended. Certainly this defendant should not be compelled to pay for the injuries suffered by plaintiff in 1955, for that she has been fully compensated therefor. On the other hand he should not escape the responsibilities which his negligence clearly shows for such injury and damage as plaintiff sustained in this

collision. Doctors may render opinions based upon their studied and best judgment and when in disagreement the factors involved must otherwise be resolved. Surely from all of the investigations made, the operations performed and the tests run, plaintiff has suffered intensely. Some, if not much of it must have been the direct result of this collision and certainly much of the amount expended was made necessary by the results of defendant's negligence.

I am fully impressed with that conclusion.

In North Carolina when one suffers a personal injury, negligently inflicted, the rule for the estimation of damage is fully set out in Shipp v. United Stage Lines, 192 N.C. 475, 135 S.E. 339, 340.

"'In this class of cases, if the plaintiff is entitled to recover at all he is entitled to recover as damages one compensation—in a lump sum—for all injuries, past, present and prospective in consequence of the defendants' negligent acts. These are understood to embrace indemnity for actual nursing or medical expense, and loss of time or loss from inability to perform labor or capacity to earn money. The plaintiff is to have a reasonable compensation, if he is entitled to recover at all, for the loss of both bodily and mental powers and for actual suffering, both of body and mind, which are the immediate and necessary consequences of the injury. And it is for * * * the jury, to say under all the circumstances what is a reasonable and fair sum which the defendants should pay to the plaintiff, by way of compensation, for the injury he has sustained. The age of the plaintiff, his occupation, the nature and extent of his ability to work, his earning capacity at the time of the injury, or whether he was employed * * *.'

* * * * * *

" 'The award is to be made on the basis of a cash settlement of the plaintiff's injuries, past, present, and prospective.'

* * * * * *

" ' * * * . The sum fixed by the jury should be such as fairly compensates the plaintiff for injuries suffered in the past and those likely to occur in the future. The verdict should be rendered on the basis of a [present] cash settlement of the plaintiff's injuries, past, present, and prospective.' * * * Fry v. [North Carolina R. Co.], 159 N.C. [357] 362, 74 S.E. 971; Penny v. [Atlantic Coast Line R. Co.], 161 N.C. [523] 528, 77 S.E. 774, * * *; Johnson v. [Seaboard Air Line R. Co.], 163 N.C. 431, 79 S.E. 690, * * * ."

The evidence in this case under that rule impels me to award to plaintiff in full satisfaction of her injuries and damage the sum of $4,500.

Judgment accordingly.